**The UNITED STATES of America**

**v.**

**Orville SHERWOOD, Dave Buchholz, William Buchholz and Connie Morris.**

No. CR–81–103.

United States District Court, W. D. New York.

Dec. 10, 1981.

Carol E. Heckman, Asst. U.S. Atty., Buffalo, N.Y., for plaintiff.

Gerald P. Gorman, Buffalo, N. Y., for both Buchholzs.

Gordon M. Brown, Buffalo, N. Y., for Sherwood.

Herbert L. Greenman, Buffalo, N. Y., for Morris.

## MEMORANDUM and ORDER

ELFVIN, District Judge.

Defendants in this criminal action involving extortion and racketeering charges brought under 18 U.S.C. §§ 371, 1951 and 1952 seek discovery of certain tape recordings of telephone conversations involving defendants made by the alleged victim of defendants' unlawful scheme. It appears that some or most of these tapes were made by the alleged victim acting upon his own initiative, while others may have been made by the alleged victim while agents of the

Federal Bureau of Investigation were present with him. Defendants claim a right to discover the tapes under Fed.R. Crim.P. rule 16(a)(1)(A). The Assistant United States Attorney claims that because they were not made either directly by the government or at its sole instigation the tapes fall within the rule 16(a)(1)(C) category of items discoverable by criminal defendants, entitling the government to reciprocal discovery under rule 16(b)(1)(A) if defendants' request is complied with. These contradictory views require me to decide an issue on which there is little, if any, case law but which nonetheless is not difficult to dispose of.

Under Fed.R.Crim.P. rule 16(a)(1)(A) a defendant is entitled:

"to inspect and copy or photograph: any relevant written or recorded statements made by the defendant, or copies thereof, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government * * *."

Rule 16(a)(1)(C) provides that a defendant may:

"inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the government, and which are material to the preparation of his defense or are intended for use by the government as evidence in chief at the trial, or were obtained from or belong to the defendant."

A defendant's request for discovery under the latter paragraph, when complied with, gives the government the right to discover "books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody, or control of the defendant and which the defendant intends to introduce as evidence in chief at trial." Fed.R.Crim.P. rule 16(b)(1)(A).[1]

---

1. There is no concern at this time whether a defendant's request under rule 16(a)(1)(C)

would also obligate the defendant to make

■ The matter sought for discovery by defendants here clearly falls within the ordinary meanings of the plain words of paragraph (a)(1)(A). It is certain that "statements" in paragraph (a)(1)(A) cannot be read as limited to mean "formal" statements by defendants. Numerous decisions have held that recordings of statements unwittingly made to government informants or to intended victims that had secured the cooperation of the police are clearly discoverable under rule 16(a)(1) (e. g., *United States v. Grammatikos*, 633 F.2d 1013, 1019 (2d Cir. 1980); *United States v. Bufalino*, 576 F.2d 446, 449 (2d Cir. 1978); *United States v. Miranda*, 526 F.2d 1319, 1327 (2d Cir. 1975)), albeit without confronting an argument that their discovery is obtainable only under rule 16(a)(1)(C). The government has offered no persuasive reason for distinguishing the recorded statements sought in this case from "recorded statements" as that phrase is used in rule 16(a)(1)(A), and for placing them instead in the paragraph (a)(1)(C) category as "tangible objects."

■ It is evident that the draftsmen of paragraph (a)(1)(A) gave due consideration before deciding to describe those "written or recorded statements" which a defendant was entitled to discover as those "within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government." Had the intention been to further limit the definition of such written or recorded statements to ones which the government itself actively prepared or procured, as the government here argues, the addition of a simple phrase to that effect is a course so obvious that the failure to follow it strongly implies that no such intention existed. Moreover, the use of the terms "possession, custody or control" is somewhat inconsistent with the interpretation offered by the government, inasmuch as in all except extremely unusual—indeed almost unimaginable—circumstances, recordings of a defendant's statements deliberately made by government agents will be in the government's "possession, custody or control," as long as the recordings continue to exist. The natural inference then is that these words were meant to include recordings of a defendant's statements *not* made by or at the instigation of government agents, as long as such recordings are in the government's "possession, custody or control."

This interpretation accommodates the policy of rule 16(a)(1)(A), whereas the government's does not. As noted by the Advisory Committee on Rules in 1974 when rule 16 was amended to make disclosure to defendants mandatory, the amendment was made

> "in the view that broad discovery contributes to the fair and efficient administration of criminal justice by providing the defendant with enough information to make an informed decision as to plea; by minimizing the undesirable effect of surprise at trial; and by otherwise contributing to an accurate determination of the issue of guilt or innocence."

As also noted by the Advisory Committee, this rationale favoring liberal discovery for defendants is that espoused by the American Bar Association Project on Standards for Criminal Justice in the work entitled *Standards Relating To Discovery and Procedure Before Trial* (Approved Draft, 1970). In accord with this understanding and policy is the observation by the United States Court of Appeals for the Second Circuit, referring to the duty to preserve evidence discoverable by defendants under rule 16 and the Jencks Act (18 U.S.C. § 3500): "in educating personnel concerning their responsibilities in this area, government agencies must keep in mind the *broad definition of discoverable "statements"* incorporated in the governing texts." *United States v. Bufalino, supra*, 576 F.2d at 450–451 (emphasis added).

■ The materials sought by defendants here clearly falling within the broad definition of a defendant's statements discover-

available to the prosecution material and mat-   ters covered in rule 16(b)(1)(B).

able under Fed.R.Crim.P. rule 16(a)(1)(A), it is hereby ORDERED that defendants' request for their discovery pursuant to that rule is granted and that the government shall, as soon as reasonably possible, deliver or make conveniently available to defendants, for their inspection or copying, copies of said materials.