**STATE of Maine**

v.

**Duane DAVIS.**

Supreme Judicial Court of Maine.

Argued Sept. 12, 1984.

Decided Nov. 7, 1984.

Janet T. Mills, Dist. Atty., Mark A. Beede (orally), Asst. Dist. Atty., Auburn, for plaintiff.

Linnell, Choate & Webber, Robert E. Mullen (orally), Auburn, for defendant.

Before McKUSICK, C.J., and NICHOLS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

WATHEN, Justice.

Defendant Duane Davis appeals from his conviction in Superior Court (Androscoggin County) for violating 29 M.R.S.A. § 2298 (Supp.1983–1984) [1] (the "habitual offender"

---

1. 29 M.R.S.A. § 2298 (Supp. 1983–1984) provides in relevant part that:

It shall be unlawful for any person to operate any motor vehicle on a public way, ... in this State while the revocation prohibiting its operation remains in effect. Any person found to be an habitual offender under this chapter, or former chapter 18, who is thereafter convicted of operating a motor vehicle in this State while the revocation prohibiting operation is in effect shall have committed a Class C crime.

statute). Three of the four issues raised on appeal arise from the admission in evidence of defendant's statement to the officer of his date of birth. In sequence, defendant contends that: 1) his statement should have been excluded as a sanction for a discovery violation; 2) the admission of his statement was in violation of the corpus delicti rule; and 3) the introduction of the statement was not supported by a proper evidentiary foundation. Finally, defendant contends that the court erred in failing to instruct the jury that a culpable state of mind is a required element of the offense. We deny the appeal.

## I.

After observing erratic operation, a police officer stopped defendant in his vehicle and asked for his license and registration. Defendant produced a registration certificate but was able to provide only bill receipts in response to the license request. Eventually, he acknowledged that he did not have a license and that his name was the same as that which appeared on the receipts. The officer then asked defendant his date of birth and defendant stated "July 11, 1957." Using this information, the officer ran a record check and found that defendant's right to operate a vehicle was under suspension because defendant had been found to be a habitual offender. Defendant appeals from the conviction resulting from trial by jury in the Superior Court.

## II.

In the present case, the state relied exclusively on defendant's statement of identity and date of birth to prove that he was the individual who previously had been found by the Secretary of State to be a habitual offender. The admissibility of the information he provided concerning his date of birth is determinative of this aspect of the appeal.

Prior to trial, the state provided automatic discovery pursuant to M.R.Crim.P. 16(a) indicating that no oral statements had been obtained from defendant. At trial, the state sought to elicit from the officer defendant's statement as to his date of birth. Defense counsel objected, claiming a discovery violation and the objection was overruled. On appeal defendant claims that if he had known that the state was going to rely on his statement to prove its case, he would have moved for suppression based on a lack of *Miranda* warnings. He argues that the presiding justice erred in failing to exclude the statement from evidence as a sanction for failure to comply with Rule 16(a).

The decision to impose a sanction for violating the rules of discovery rests within the discretion of the presiding justice. *State v. Landry,* 459 A.2d 175, 177 (Me.1983). M.R.Crim.P. 16(d) provides that the presiding justice "may take appropriate action" to remedy a violation. The trial court has the authority not only to select a sanction, but also to decide whether any sanction is required. *Landry,* 459 A.2d at 177. Once the court has exercised its discretion, the ruling may not be set aside unless defendant demonstrates an abuse of discretion and resulting prejudice. *Id. See also State v. Smith,* 400 A.2d 749, 757 (Me.1979); *State v. Rich,* 395 A.2d 1123, 1130 (Me.1978).

Defendant now contends that the presiding justice failed to exercise his discretion and that he was prejudiced by the court's ruling. We disagree. The record reveals that after defense counsel objected, the presiding justice asked, "That doesn't take you by surprise, does it?" Counsel responded, "All I'm saying is that it has not been furnished." The court's inquiry was clearly directed toward discovering the basis for any prejudice to defendant. Defense counsel did not indicate that he was surprised or prejudiced in any way. On this record we find no abuse of discretion in failing to impose any sanction for the discovery violation.

## III.

Defendant also objected unsuccessfully to the introduction of his statement as to his date of birth and the grounds of the corpus delicti rule in order to avoid the impact of 29 M.R.S.A. § 2298. The statute provides the following presumption:

If the name and date of birth of the person being prosecuted under this section are the same as the habitual offender whose privilege to operate has been revoked, then there shall be a presumption that that person is the same person whose license was revoked under this chapter.

We need not reach the issue of whether the corpus delicti rule, in its original formulation, would render defendant's statement inadmissible, because we find a statutory modification to be controlling.

Effective September 24, 1983, the legislature enacted 29 M.R.S.A. § 2298–B (Supp. 1983–1984) which provides as follows:

Any statement by a defendant as to his name or date of birth, or any statement as to his name or date of birth contained in an operator's license surrendered by him, shall be admissible in a proceeding under this chapter or former chapter 18. The statement shall constitute sufficient proof by itself, without further proof of corpus delicti, of the defendant's name or date of birth.

As we noted in *State v. Curlew,* 459 A.2d 160 (Me.1983), beyond the question of the order of proof, the two-fold inquiry required by the corpus delicti rule is: "(1) whether there is sufficient evidence of the corpus delicti exclusive of any admission or confession of the defendant and (2) whether there is sufficient evidence on the whole record to establish corpus delicti beyond a reasonable doubt." *Id.* at 164. *See also State v. Chabot,* 478 A.2d 1136, 1137 (Me.1984); *State v. Spearin,* 477 A.2d 1147, 1151 (Me.1984). The degree of proof of the corpus delicti exclusive of the defendant's statements need not be beyond a reasonable doubt. *Spearin,* 477 A.2d at 1151. As to the first prong of the inquiry,

the necessary quantum of proof is less than a "fair preponderance of the evidence" and resembles the probable cause standard. *Id.*

Although the state, in a prosecution under section 2298, must still prove the violation beyond a reasonable doubt on the entire record, 29 M.R.S.A. § 2298–B abrogates the requirement that the state show sufficient evidence of identification exclusive of any admission or confession of the defendant. Although the statute did not take effect until after defendant's arrest, it was in effect at time of trial. The ex post facto clause does not bar application of procedural changes to pending actions, even though the change in a particular case may work to the disadvantage of the defendant. *See e.g., Dobbert v. Florida,* 432 U.S. 282, 292–93, 97 S.Ct. 2290, 2298, 53 L.Ed.2d 344 (1977); *Weaver v. Graham,* 450 U.S. 24, 29 n. 12, 101 S.Ct. 960, 964 n. 12, 67 L.Ed.2d 17 (1981). As related to criminal law and procedure, "substantive law" is that which declares acts as crimes and prescribes the punishment for those acts, while "procedural law" is that which regulates the steps by which one who violates a criminal statute is tried and punished. *See, e.g., Roberts v. Love,* 231 Ark. 886, 333 S.W.2d 897, 901 (1960); *State v. Garcia,* 229 So.2d 236, 238 (Fla.1969); *Cooper v. State,* 415 P.2d 1009, 1013 (Okla. 1966).

The legislature designed section 2298–B to counter "the date of birth" defense, which it found had resulted in a number of dismissals in the trial courts. L.D. 878, Statement of Fact (111th Legis. 1983). The legislature's intent to apply section 2298–B to pending proceedings is clearly demonstrated by the reference to proceedings "under former chapter 18." We conclude that the statutory modification of the corpus delicti rule is applicable to this case.

## IV.

On direct examination the officer testified that defendant told him his date of

birth was July 11, 1957. On cross-examination, he admitted that he had no independent recollection of defendant's statement, but was relying on his investigative report and the note taken when the statement was made. Defense counsel did not move to strike the officer's testimony at that point, but later moved to acquit at the close of the state's evidence. He argued that the officer's testimony was inadmissible because it was not properly presented as past recollection recorded. The presiding justice denied the motion.

> Our evidentiary rules provide as follows:
>
> **(5) Recorded recollection.** A memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable him to testify fully and accurately, shown to have been made or adopted by the witness when the matter was fresh in his memory and to reflect that knowledge correctly. If admissible, the memorandum or record may be read into evidence but shall not be received as an exhibit unless offered by an adverse party.

M.R.Evid. 803(5). The officer did not expressly state that the recording was made or adopted while the matter was fresh in his memory and that the record reflected the information correctly. Nevertheless, the record inferentially supports a finding that the foundational requirements of the rule were satisfied. Error may not be predicated on a ruling which admits evidence unless a substantial right of a party is affected and a timely objection or motion to strike appears of record. M.R.Evid. 103(a)(1). Defendant's attorney failed to preserve the issue. If there had been an objection the state could have easily corrected any foundational deficiencies and

the error, if any, does not rise to the level of obvious error.

## V.

Finally, defendant claims error in the ruling of the court that a culpable state of mind is not required in a prosecution under section 2298. The criminal code provides generally that the requirement of a culpable state of mind will be implied "unless ... [t]he statute expressly provides that a person may be guilty of a crime without a culpable state of mind as to those elements; or ... [a] legislative intent to impose liability without a culpable state of mind ... otherwise appears." 17-A M.R.S.A. § 34(5) (Supp. 1983 1984). The habitual offender statute does not expressly provide for strict liability. However, examination of the statute and the overall scheme of enforcement reveals that the legislature intended to impose strict liability.

Section 2298 provides that "[i]t shall be unlawful for any person to operate any motor vehicle on a public way, ... while the revocation prohibiting operation remains in effect." 29 M.R.S.A. § 2293 (Supp. 1983–1984) provides for immediate revocation without preliminary hearing of any person defined as a habitual offender. Although the operator may petition the Secretary of State for recission within thirty days after notice of revocation, the revocation is immediately effective without regard to notice.[2] The legislature's intent to impose strict liability is further revealed by the provisions of 29 M.R.S.A. § 2184 (Supp. 1983–1984) which requires that notice must be given before one may be convicted of operating after suspension, but *expressly excludes* habitual offenders from that notice provision.[3] Because the legislature intended section 2298 to be a strict liability offense, the presiding justice did not err in

---

**2.** In the present case defendant received notice of the revocation. However, during proceedings before trial, defense counsel made an offer of proof *that at the time of the offense the* defendant had purchased automobile insurance and believed that such an act was sufficient to reinstate his right to drive.

**3.** The legislature amended section 2184 expressly to clarify the notice requirement. *See* L.D. 2138, § 42 Statement of Fact (110th Legis.1981).

refusing to give the requested jury instruction. A party does not have a right to a jury instruction unless it states the law correctly. *See Schneider v. Richardson,* 438 A.2d 896, 897 (Me.1981).

The entry must be:

Judgment of conviction affirmed.

All concurring.