STATE of Maine

v.

Scott ILSLEY.

Supreme Judicial Court of Maine.

Submitted on Briefs June 7, 1991.
Decided July 26, 1991.

**422**

Janet Mills, Dist. Atty., Patricia Mador, Asst. Dist. Atty., South Paris, for State.

Susan E. Kelley, Preti, Flaherty, Beliveau & Pachios, Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

BRODY, Justice.

Defendant Scott Ilsley appeals from a judgment entered in the Superior Court (Oxford County, *Alexander, J.*) after he was convicted of one count of violating a protection from harassment order in violation of 5 M.R.S.A. § 4659(1) (1989).[1] Ilsley contends that the court erred in convicting him on the basis of a letter that he claims was unauthenticated and otherwise irrelevant to the crime with which he was charged. He also contends that even if properly admitted the letter was insufficient to support his conviction. Finding no

merit in either argument, we affirm the judgment.

On December 8, 1989, Kenneth Poland obtained a court order for protection from harassment that in pertinent part prohibited Ilsley from "threatening, assaulting, molesting, attacking, harassing or otherwise abusing" him.[2] In January of 1990, Poland's twenty-two-year-old daughter Kimberly received a letter that was addressed to her at the family home. Purporting to congratulate Kimberly on her recent engagement to be married, the letter was signed "Scott Isley" and contained one statement that read "Ken, Sandy, Shane, Hello with love"[3] and another that read "Break a Leg or Two." On the basis of this letter, Ilsley was charged with violating the protection from harassment order. Following a jury-waived trial on September 7, 1990, the court found him guilty as charged.[4]

On appeal, Ilsley first argues that the court erred in admitting the letter on the ground that the State had failed to present sufficient foundational evidence to show that the letter was from him. We disagree. Because Ilsley's objection for lack of authentication is made for the first time on this appeal, the court's admission of the letter is reviewed only for obvious error affecting substantial rights. *See* M.R.Evid. 103(d); M.R.Crim.P. 52(b). There was no such error here.

Evidence sufficient to support a finding that the matter in question is what its proponent claims satisfies the requirement of authentication or identification as a condition precedent to admissibility. M.R.Evid. 901(a). A nonexpert witness can give his opinion authenticating a writing as

1. 5 M.R.S.A. § 4659(1) provides in pertinent part that "[v]iolation of a temporary, emergency, interim or final protective order or a court approved consent agreement, when the defendant has prior actual notice of the order or agreement, is a Class D crime."

2. The protective order was the second that Poland had obtained from the District Court in South Paris to prevent Ilsley from harassing him. The record reveals that Ilsley had been harassing Poland and his family since 1984.

3. Sandy is Poland's wife Sandra, and Shane is his son.

4. Ilsley was also charged with two other counts of violating the protective order as a result of a second letter and two telephone calls to Kimberly. The court entered judgments of acquittal on these counts at the close of the State's evidence, having found "no indication of any direct contact with Kenneth Poland nor any contact directed to Kenneth Poland" with respect to the second letter and the telephone calls.

long as he has sufficient familiarity with the handwriting of the putative writer and that familiarity was not acquired for purposes of the litigation. M.R.Evid. 901(b)(2). Accordingly, "[a]n assertion by the witness coupled with a description of circumstances from which knowledge might reasonably be acquired" is ordinarily sufficient to allow him to give an opinion. Field & Murray, *Maine Evidence* § 901.2(2) at 389 (2d ed. 1987).

■ Although the letter to Kimberly was signed "Scott Isley," Poland did not expressly testify that it was written by Ilsley. Nevertheless, the record inferentially supports a finding that the letter was what it purported to be. Poland testified that when he opened and read the letter he experienced "[a] lot of fear for my family and myself ... [b]ecause of the letters and the tapes that we have received from Mr. Ilsley in the past where he has threatened to kill me, members of my family, rape, kidnap my daughter, my wife." Poland also testified that he was familiar with Ilsley's handwriting and "rambling" style of writing as a result of having received numerous communications from him over several years. This evidence, albeit circumstantial, was sufficient to warrant a finding of authenticity under M.R.Evid. 901. *See State v. Davis*, 483 A.2d 740, 743–44 (Me.1984).[5]

■ Ilsley alternatively contends that even if the letter was sufficiently authenticated it was otherwise irrelevant to the crime with which he was charged because the letter was addressed to Kimberly and not Kenneth Poland, who was the only subject of the protective order. We have no doubt that the letter was relevant. Not only was the letter addressed to Poland's home, but it contained a message expressly intended for Poland: "*Ken*, Sandy, Shane,

Hello with love." (Emphasis added). Ilsley has failed to demonstrate any abuse of discretion by the court in admitting the letter over defense counsel's objection on relevancy grounds. *See State v. Spearin*, 463 A.2d 727, 730–31 (Me.1983).

■ Ilsley next challenges the sufficiency of the evidence to support his conviction for violation of the protective order. Relying on the statutory definition of "harassment" as "any *repeated* act of intimidation, harassment, physical force or threat of physical force," 5 M.R.S.A. § 4651(2) (1989) (emphasis added), Ilsley first contends that the State failed to meet its burden because it failed to prove that he committed more than one act of harassment. This argument is without merit. A plain reading of the protection from harassment statute requires proof of repeated acts only to obtain the protective order in the first instance; once the order is issued, any single act is sufficient to constitute a violation as one more in a series of acts intended to frighten and intimidate the person named in the order. *See id.* § 4655(1)(A)–(C) (1989); *State v. Hills*, 574 A.2d 1357, 1359 (Me. 1990). Ilsley's reading of the statute, by contrast, would render section 4659, the violation provision, meaningless.

■ Ilsley also argues that the State failed to prove that he had the requisite intent to harass Poland. The court concluded otherwise, however, after finding on the basis of Ilsley's past conduct that he knew that the letter would be seen by all members of the Poland family. Ilsley does not dispute that evidence of his past conduct presented at trial would support the court's conclusion. He contends, however, that the court improperly took into consideration evidence of his other wrongful acts as establishing his intent. We disagree. Although "[e]vidence of other crimes,

5. In *Davis,* a police officer testified to a statement made by the defendant but admitted on cross-examination that he was relying on his investigative report and a note taken when the statement was made rather than independent recollection. Defense counsel failed to move to strike the officer's earlier testimony on the ground that the officer had not expressly stated that the recording was made while the matter was fresh in his memory and that the record reflected the information correctly as required by M.R.Evid. 803(5). We found no obvious error because the record inferentially supported a finding that the foundational requirements of Rule 803(5) were satisfied and the State could easily have corrected any foundational deficiencies had there been an objection.

wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith," M.R.Evid. 404(b), such evidence may be admissible to prove intent. M.R.Evid. 404 advisers' note, Field & Murray, *supra,* at 105.

█ Ilsley finally argues that the State failed to establish that the letter contained any threat or intimidation. Although the expression "Break a leg" is not uncommonly used to mean "Good luck," the court interpreted the letter with its phrase "Break a Leg or Two" to contain a suggestion of injury and a direct threat to Poland's daughter. Because the court's interpretation is supported by competent evidence in the record and is not clearly erroneous, we will not set it aside on appeal. *See State v. Foster,* 566 A.2d 1084, 1086 (Me.1989).

We are satisfied, therefore, that from the evidence presented, viewed in the light most favorable to the State, the court could rationally have found beyond a reasonable doubt that Ilsley was guilty as charged. *See State v. Barry,* 495 A.2d 825, 826 (Me. 1985).

The entry is:

Judgment affirmed.

All concurring.