STATE OF MAINE                                    SUPERIOR COURT
KENNEBEC, ss                                      CRIMINAL ACTION
                                                  DOCKET NO. CR-09-914
                                                  NM- KEN - 2/17/2011


STATE OF MAINE

        v.                                        ORDER ON DEFENDANT'S
                                                  MOTION TO DISMISS
MANLEY DAVIS,

        Defendant



BACKGROUND

        The defendant seeks a dismissal of the indictment dated 11/18/09 based on the

State's failure to provide discovery. The defendant is alleged to have committed arson

and conspiracy to commit arson on or about 1/1/08 and arson and conspiracy to

commit arson on or about 9/16/05.

        The court has, finally, obtained transcripts and listened to tapes of the various

hearings and docket calls in this case. The defendant's motions for discovery were

heard on April 8, 2010. The motion to disclose inducements was granted without

objection. The motion for access to evidence was granted without objection. The motion

to provide enclosures referred to in the report of the Office of State Fire Marshall was

granted without objection. The motion for discovery was granted without objection

regarding the requests in paragraphs 1-3 and 5-12. The request in paragraph 4 was

withdrawn but the State agreed to provide whether any money had been paid as part of

any inducements.

1

On 6/10/10, docket call for the June 2010 trial list was held. Defense counsel had not received discovery. The State's attorney was checking to determine whether the discovery requested existed. The presiding justice inquired whether the case could proceed on the June trial list and both attorneys agreed the case could not proceed. The justice said the case would be continued to the July trial list and said to tell the Fire Marshall's office to "get moving."

On 7/8/10, the State's response to the motion for discovery was discussed on the record with the court and attorneys. The material requested in paragraph 1 had been provided and the material requested in paragraph 2 did not exist. The material requested in paragraph 5 had not been provided. Defense counsel indicated he needed the tapes as well as transcriptions. The court inquired where the tapes were located. The State's attorney stated the tapes were at the Fire Marshall's Office and had been requested by the State "a week ago." Defense counsel asked if this could be looked into and if the State could "let [defense counsel] know ASAP." Defense counsel also had not received the material requested in paragraphs 8, 10, and 12.

The defendant's motion to dismiss was filed on 9/7/10. Hearing was scheduled for 9/9/10 but the State's attorney familiar with the case was unavailable. The defendant did not object to rescheduling the motion but the parties agreed that, for the purposes of the motion to dismiss, the dispositive date for the State's providing discovery would be 9/9/10. (Tr. of 11/3/10 at 14.) At the rescheduled hearing on 11/3/10, defense counsel stated that he still had not been given some of the tapes and other discovery. Some of the CDs produced were inaudible. (Tr. of 11/3/10 at 14, 16-17.) The State admitted that some of the material listed in paragraphs c, d, and e of the motion to dismiss had been provided after the 9/9/10 date. (Mot. to Dismiss at 2; Tr. of 11/3/10 at 24-25.)

Absent the failure to provide discovery and the resulting motion to dismiss, this case could have been tried in June, July, September, and November 2010 and January 2011.

CONCLUSIONS

A defendant's "access to materials to be used against him at trial and in possession of the state is governed by Rule 16(a), M.R.Crim.P." State v. Buzynski, 330 A.2d 422, 429 (Me. 1974). "The basic premise behind Rule 16 is that discovery can have the same beneficial effects in criminal cases that it has in civil actions and should, therefore, be permitted. It can eliminate concealment and surprise; thereby destroying the 'sporting' aspects of a criminal trial. It can assist in the fair and expeditious disposition of cases prior to trial. It can eliminate any imbalance which exists between the parties as to the means and ability to secure evidence. Finally, it can assure a fuller presentation of the evidence to the trier of fact." Glassman, Maine Practice: Rules of Criminal Procedure Annotated, § 16.1 (1967); see also 1 Cluchey & Seitzinger, Maine Criminal Practice § 16.1 at IV-86 (Gardner ed. 1995). The Law Court has determined that the rule "should be liberally interpreted and applied." State v. Cloutier, 302 A.2d 84, 87 (Me. 1973).

Rule 16(d) allows the following action for the State's failure to provide discovery: "requiring the attorney for the state to comply, granting the defendant additional time or a continuance, relieving the defendant from making a disclosure required by Rule 16A, prohibiting the attorney for the state from introducing specified evidence and dismissing the charges with prejudice." M.R. Crim. P. 16(d). The court has the authority to decide whether any sanction for a Rule 16 violation is required and, if so, which sanction should be applied. State v. Landry, 459 A.2d 175, 177 (Me. 1983). "The primary test is whether the ruling was in furtherance of justice." Id.; 1 Cluchey &

3

Seitzinger, <u>Maine Criminal Practice</u> § 16.6 at IV-99 to IV-100 (Gardner ed. 1995) ("The basic test for the appropriateness of a sanction will be whether it is in furtherance of justice and so long as the trial justice has not abused his or her discretion the choice of sanction will not be set aside on appeal.")

In order to establish that the trial justice abused her discretion, the defendant must show that "he was, in fact, prejudiced by the discovery violation despite the court's effort to nullify or minimize its consequences, and that the prejudice rose to the level of depriving him of a fair trial." <u>State v. Sargent</u>, 656 A.2d 1196, 1199 (Me. 1995). Prejudice may rise to the level of a deprivation if the defendant is "[s]o unfairly surprised or prejudiced that the admission of the [evidence] constitute[s] an abuse of discretion." <u>State v. Sapiel</u>, 432 A.2d 1262, 1268 (Me. 1981).

This is not the typical case in which evidence is not produced in a timely way and then is used at trial. <u>See</u> <u>e.g.</u>, <u>State v. Graham</u>, 2010 ME 60, ¶ 10, 998 A.2d 339, 341 (no abuse of discretion when defendant had the chance to introduce the exculpatory portions of a report and the defendant had access to the same information elsewhere); <u>Sargent</u>, 656 A.2d at 1199 (no abuse of discretion when the State provided lineup report after mistrial but twenty months before second trial); <u>Landry</u>, 459 A.2d at 177-78 (no abuse of discretion in allowing use of letter for impeachment when defendant was aware of letter before testifying); <u>Sapiel</u>, 432 A.2d at 1268 (no abuse of discretion in admitting photographs of stolen property already discovered by the defendant); <u>State v. Rich</u>, 395 A.2d 1123, 1130-31 (Me. 1978) (no abuse of discretion allowing witnesses to testify when defense counsel was aware of their probable appearances seven days prior to trial); <u>State v. LeClair</u>, 382 A.2d 30, 33 (Me. 1978) (no abuse of discretion allowing photographs with officer's notes of bullet holes when defendant had access to bullet holes and prosecutor showed photographs to defense counsel prior to trial); <u>Buzynski</u>,

4

330 A.2d at 429 (defendant knew test results existed, did not ask for them, and made no showing of prejudice to his defense by not having test results); Cloutier, 302 A.2d at 89 (denial of defendant's request for release of drug not abuse of discretion). This case involves evidence that existed at or significantly before the time of indictment and simply has not been provided,[1] in spite of many court proceedings in which the State was strongly encouraged to do so.[2] Although the State has offered explanations for the failure to provide discovery, the State has offered no valid justification for that failure. (Tr. of 11/3/10 at 31-32.)

Every goal to be achieved by providing discovery in a criminal case has been thwarted in this case. See Glassman, Maine Practice: Rules of Criminal Procedure Annotated § 16.1 (1967). Justice will not be furthered by condoning neglect with regard to providing discovery. The delay in the defendant's ability to investigate the case and determine whether to proceed to trial has been significant, unnecessary, and prejudicial. (Tr. of 11/3/10 at 20-22.)

Clearly a Rule 16(d) sanction is required. In this case, the attorney for the State has been told numerous times to comply with discovery requests. Several continuances and additional time have been granted. The court is not aware that any automatic or requested disclosure from the defendant is relevant to this case and no disclosure from the defendant has been ordered. Prohibiting introduction of unseen and potentially exculpatory evidence could ultimately prejudice the defendant. See M.R. Crim. P. 16(d). Accordingly, the suggested sanctions in Rule 16, except for dismissal, have been

---

[1] This is also not a situation involving delay because, for example, testing must be performed at the State laboratory and there is a backlog.

[2] The court does not in any way suggest bad faith on the part of the State's attorney in this case. The good faith of the State's attorney is immaterial to a determination of a Rule 16 violation, although it may be relevant to determining a sanction. Landry, 459 A.2d at 177.

5

imposed or are not appropriate. Id. Based on the history of this case, the court has no expectation that additional time or admonishment would resolve the impasse.

The entry is

The Indictment is DISMISSED with Prejudice.

Date: February 17, 2011

Nancy Mills
Justice, Superior Court

KENN-CR-09-914

STATE OF MAINE
    vs
MANLEY D DAVIS
17 MURRAY STREET
AUGUSTA ME 04330

SUPERIOR COURT
KENNEBEC, ss.
Docket No   AUGSC-CR-2009-00914

DOCKET RECORD

DOB: 02/02/1954
Attorney: LEONARD SHARON                    State's Attorney: EVERT FOWLE
          LEONARD SHARON ESQ PC
          223 MAIN STREET
          AUBURN ME 04210-5833
          RETAINED 11/24/2009

Filing Document: INDICTMENT                  Major Case Type: FELONY (CLASS A,B,C)
Filing Date: 11/19/2009

## Charge(s)

1   ARSON                                          01/01/2008 AUGUSTA
Seq 4538  17-A  802(1)(B)(1)        Class A
   MACMASTER          / MFM

2   CRIMINAL CONSPIRACY                            01/01/2008 AUGUSTA
Seq 8370  17-A  151(1)(B)           Class B
   MACMASTER          / MFM

3   ARSON                                          01/01/2008 AUGUSTA
Seq 4538  17-A  802(1)(B)(1)        Class A
   MACMASTER          / MFM

4   CRIMINAL CONSPIRACY                            01/01/2008 AUGUSTA
Seq 8370  17-A  151(1)(B)           Class B
   MACMASTER          / MFM

## Docket Events:

11/19/2009 FILING DOCUMENT -  INDICTMENT FILED ON 11/19/2009

           TRANSFER -  BAIL AND PLEADING GRANTED ON 11/19/2009

           TRANSFER -  BAIL AND PLEADING REQUESTED ON 11/19/2009

11/19/2009 BAIL BOND - $10,000.00 CASH BAIL BOND SET BY COURT ON 11/19/2009

           OR $25,000 SINGLE SURITY..NO CONTACT WITH RONALD HANSON NO USE/POSS IN INCENDIARY DEVICES
           AND SUBMIT TO SEARCH FOR INCENDIARY DEVISES.
11/19/2009 WARRANT -  ON COMP/INDICTMENT ORDERED ON 11/19/2009

11/19/2009 WARRANT -  ON COMP/INDICTMENT ISSUED ON 11/19/2009

           CERTIFIED COPY TO WARRANT REPOSITORY
11/24/2009 BAIL BOND - $10,000.00 CASH BAIL BOND FILED ON 11/23/2009

           Bail Receipt Type: CR
           Bail Amt: $10,000

Receipt Type: CK
Date Bailed: 11/20/2009          Prvdr Name: WILLIAM  THOMAS
                                 Rtrn Name: WILLIAM  THOMAS


11/24/2009 Charge(s): 1,2,3,4
           HEARING -  ARRAIGNMENT SCHEDULED FOR 01/12/2010 @ 8:30


11/24/2009 Party(s):  MANLEY D DAVIS
           ATTORNEY -  RETAINED ENTERED ON 11/24/2009


           Attorney:  LEONARD SHARON
11/24/2009 Charge(s): 1,2,3,4
           HEARING -  ARRAIGNMENT NOTICE SENT ON 11/24/2009


11/30/2009 WARRANT -  ON COMP/INDICTMENT EXECUTED ON 11/19/2009


           ARRESTED BY AUGUSTA PD
11/30/2009 WARRANT -  ON COMP/INDICTMENT RETURNED ON 11/30/2009


01/12/2010 Charge(s): 1,2,3,4
           HEARING -  ARRAIGNMENT HELD ON 01/12/2010
           NANCY  MILLS , JUSTICE
           READING WAIVED.  DEFENDANT INFORMED OF CHARGES.  COPY OF INDICTMENT/INFORMATION GIVEN TO
           DEFENDANT.  21 DAYS TO FILE MOTIONS
01/12/2010 Charge(s): 1,2,3,4
           PLEA -  NOT GUILTY ENTERED BY DEFENDANT ON 01/12/2010


01/12/2010 BAIL BOND -  CASH BAIL BOND AMENDED ON 01/12/2010
           NANCY  MILLS , JUSTICE
           NO CONTACT W/RONALD HANSON
           Date Bailed: 11/20/2009
01/13/2010 Charge(s): 1,2,3,4
           TRIAL -  DOCKET CALL SCHEDULED FOR 03/02/2010 @ 3:00


02/01/2010 MOTION -  MOTION FOR EXTENSION OF TIME FILED BY DEFENDANT ON 02/01/2010


02/01/2010 MOTION -  MOTION FOR EXTENSION OF TIME GRANTED ON 02/01/2010
           NANCY  MILLS , JUSTICE
           COPY TO PARTIES/COUNSEL
02/17/2010 Charge(s): 1,2,3,4
           MOTION -  MOTION TO SEVER CHARGE FILED BY DEFENDANT ON 02/16/2010


02/17/2010 MOTION -  OTHER MOTION FILED BY DEFENDANT ON 02/16/2010


           MOTION TO DISCLOSE INDUCEMENTS MADE TO COOPERATING INDIVIDUAL
02/17/2010 MOTION -  OTHER MOTION FILED BY DEFENDANT ON 02/16/2010


           MOTION FOR ACCESS TO EVIDENCE FOR TESTING PURPOSES
02/17/2010 MOTION -  MOTION FOR DISCOVERY FILED BY DEFENDANT ON 02/16/2010


02/19/2010 Charge(s): 1,2,3,4
           HEARING -  MOTION TO SEVER CHARGE SCHEDULED FOR 04/06/2010 @ 8:30

NOTICE   TO PARTIES/COUNSEL
02/19/2010 HEARING -  MOTION FOR DISCOVERY SCHEDULED FOR 04/06/2010 @ 8:30

NOTICE   TO PARTIES/COUNSEL
02/19/2010 HEARING -  OTHER MOTION SCHEDULED FOR 04/06/2010 @ 8:30

MOTION FOR ACCESS TO EVIDENCE FOR INDEPENDANT TESTING
02/19/2010 HEARING -  OTHER MOTION SCHEDULED FOR 04/06/2010 @ 8:30

MOTION TO DISCLOSE INDUCEMENTS MADE TO COOPERATING INDIVIDUALS
03/03/2010 Charge(s): 1,2,3,4
           TRIAL -  DOCKET CALL HELD ON 03/02/2010
           JOHN  NIVISON , JUSTICE
           Defendant Present in Court
04/06/2010 HEARING -  OTHER MOTION CONTINUED ON 04/06/2010

MOTION TO DISCLOSE INDUCEMENTS MADE TO COOPERATING INDIVIDUALS
04/06/2010 HEARING -  OTHER MOTION SCHEDULED FOR 04/08/2010 @ 1:00

MOTION TO DISCLOSE INDUCEMENTS MADE TO COOPERATING INDIVIDUALS
04/06/2010 HEARING -  OTHER MOTION CONTINUED ON 04/06/2010

MOTION FOR ACCESS TO EVIDENCE FOR INDEPENDANT TESTING
04/06/2010 HEARING -  OTHER MOTION SCHEDULED FOR 04/08/2010 @ 1:00

MOTION TO ACCESS EVIDENCE FOR INDEPENDANT TESTING
04/06/2010 HEARING -  MOTION FOR DISCOVERY CONTINUED ON 04/06/2010

04/06/2010 HEARING -  MOTION FOR DISCOVERY SCHEDULED FOR 04/08/2010 @ 1:00

NOTICE   TO PARTIES/COUNSEL
04/06/2010 Charge(s): 1,2,3,4
           HEARING -  MOTION TO SEVER CHARGE CONTINUED ON 04/06/2010

04/06/2010 Charge(s): 1,2,3,4
           HEARING -  MOTION TO SEVER CHARGE SCHEDULED FOR 04/08/2010 @ 1:00

NOTICE   TO PARTIES/COUNSEL
04/23/2010 Charge(s): 1,2,3,4
           HEARING -  MOTION TO SEVER CHARGE HELD ON 04/08/2010

04/23/2010 HEARING -  OTHER MOTION HELD ON 04/08/2010

MOTION TO ACCESS EVIDENCE FOR INDEPENDANT TESTING
04/23/2010 HEARING -  MOTION FOR DISCOVERY HELD ON 04/08/2010

04/23/2010 HEARING -  OTHER MOTION HELD ON 04/08/2010

MOTION TO DISCLOSE INDUCEMENTS MADE TO COOPERATING INDIVIDUALS
04/23/2010 Charge(s): 1,2,3,4
           MOTION -  MOTION TO SEVER CHARGE DENIED ON 04/08/2010

COPY TO PARTIES/COUNSEL

04/23/2010 MOTION -  OTHER MOTION GRANTED ON 04/08/2010

          MOTION TO DISCLOSE INDUCEMENTS MADE TO COOPERATING INDIVIDUAL
04/23/2010 MOTION -  MOTION FOR DISCOVERY GRANTED ON 04/08/2010
          NANCY  MILLS , JUSTICE
          COPY TO PARTIES/COUNSEL
04/29/2010 Charge(s): 1,2,3,4
          TRIAL -  DOCKET CALL SCHEDULED FOR 06/09/2010 @ 1:30


05/06/2010 HEARING -  OTHER MOTION SCHEDULED FOR 06/09/2010 @ 1:30

          MOTION FOR ACCESS FOR INDEPENDANT TESTING
06/08/2010 HEARING -  OTHER MOTION CONTINUED ON 06/08/2010

          MOTION FOR ACCESS FOR INDEPENDANT TESTING
06/08/2010 HEARING -  OTHER MOTION SCHEDULED FOR 06/10/2010 @ 8:30

          MOTION FOR ACCESS TO EVIDENCE FOR INDEPENDANT TESTING
06/08/2010 Charge(s): 1,2,3,4
          TRIAL -  DOCKET CALL CONTINUED ON 06/08/2010


06/08/2010 Charge(s): 1,2,3,4
          TRIAL -  DOCKET CALL SCHEDULED FOR 06/10/2010 @ 8:30


06/10/2010 Charge(s): 1,2,3,4
          TRIAL -  DOCKET CALL HELD ON 06/10/2010
          WILLIAM  BRODRICK , JUSTICE
          Defendant Present in Court
06/10/2010 HEARING -  OTHER MOTION NOT HELD ON 06/10/2010

          MOTION FOR ACCESS TO EVIDENCE FOR INDEPENDANT TESTING
06/10/2010 Charge(s): 1,2,3,4
          TRIAL -  DOCKET CALL SCHEDULED FOR 07/07/2010 @ 1:15


06/29/2010 MOTION -  MOTION TO CONTINUE FILED BY DEFENDANT ON 06/29/2010

          Attorney:  LEONARD SHARON
07/02/2010 MOTION -  MOTION TO CONTINUE GRANTED ON 07/02/2010
          NANCY  MILLS , JUSTICE
          COPY TO PARTIES/COUNSEL
07/02/2010 Charge(s): 1,2,3,4
          TRIAL -  DOCKET CALL CONTINUED ON 07/02/2010


07/02/2010 HEARING -  OTHER MOTION SCHEDULED FOR 09/08/2010 @ 1:30

          MOTION FOR ACCESS TO EVIDENCE FOR INDEPENDENT TESTING
07/02/2010 Charge(s): 1,2,3,4
          TRIAL -  DOCKET CALL SCHEDULED FOR 09/08/2010 @ 1:30


07/07/2010 HEARING -  MOTION FOR DISCOVERY SCHEDULED FOR 07/08/2010 @ 8:30

          NOTICE  TO PARTIES/COUNSEL
09/07/2010 MOTION -  MOTION TO DISMISS FILED BY DEFENDANT ON 09/07/2010

MOTION TO DISMISS WITH INCORPORATED MEMORANDUM
09/15/2010 HEARING - MOTION FOR DISCOVERY HELD ON 07/08/2010
NANCY MILLS , JUSTICE
Attorney: LEONARD SHARON
DA: JAMES MITCHELL
Defendant Present in Court


TAPE#1338, INDEX#1360-1399
09/15/2010 Charge(s): 1,2,3,4
TRIAL - DOCKET CALL HELD ON 09/08/2010
NANCY MILLS , JUSTICE
Defendant Present in Court
09/15/2010 HEARING - MOTION TO DISMISS SCHEDULED FOR 11/03/2010 @ 10:00


NOTICE TO PARTIES/COUNSEL
09/15/2010 Charge(s): 1,2,3,4
TRIAL - DOCKET CALL SCHEDULED FOR 11/03/2010 @ 10:00


10/15/2010 HEARING - MOTION TO DISMISS NOTICE SENT ON 10/15/2010


10/15/2010 Charge(s): 1,2,3,4
TRIAL - DOCKET CALL NOTICE SENT ON 10/15/2010


11/03/2010 Charge(s): 1,2,3,4
TRIAL - DOCKET CALL HELD ON 11/03/2010
NANCY MILLS , JUSTICE
Attorney: LEONARD SHARON
DA: JAMES MITCHELL          Reporter: JANETTE COOK
Defendant Present in Court
11/03/2010 HEARING - MOTION TO DISMISS HELD ON 11/03/2010
NANCY MILLS , JUSTICE
Attorney: LEONARD SHARON
DA: JAMES MITCHELL          Reporter: JANETTE COOK
Defendant Present in Court
11/03/2010 MOTION - MOTION TO DISMISS UNDER ADVISEMENT ON 11/03/2010
NANCY MILLS , JUSTICE
11/04/2010 ORDER - TRANSCRIPT ORDER FILED ON 11/04/2010


PER J. MILLS. MOTION FOR DISCOVERY HEARING OF 4/8/10. GIVEN TO J. COOK.
11/10/2010 OTHER FILING - TRANSCRIPT FILED ON 11/09/2010


Reporter: JANETTE COOK
HEARING ON APRIL 8, 2010
12/03/2010 Charge(s): 1,2,3,4
TRIAL - DOCKET CALL SCHEDULED FOR 01/04/2010 @ 11:15


12/06/2010 OTHER FILING - TRANSCRIPT FILED ON 12/06/2010


Attorney: LEONARD SHARON
COPY MAILED TO JANET COOK AND ELECT RECORDING DIVISION ON 12/6/10.
12/29/2010 Charge(s): 1,2,3,4
TRIAL - DOCKET CALL NOT HELD ON 12/29/2010

12/29/2010 Charge(s): 1,2,3,4
        TRIAL - DOCKET CALL SCHEDULED FOR 03/10/2011 @ 8:30

12/29/2010 OTHER FILING - TRANSCRIPT FILED ON 12/29/2010

        Reporter: JANETTE COOK
        TRANSCRIPT OF HEARING ON 11/3 AT 10:39 AM
01/26/2011 OTHER FILING - TRANSCRIPT FILED ON 01/26/2011

        Reporter: TAMMY DROUIN
        SEPT 9, 2010
02/08/2011 ORDER - TRANSCRIPT ORDER FILED ON 01/28/2011

        9/8/10, DOCKET CALL                                         COPY TO TAMMY
        DROUIN
02/22/2011 Charge(s): 1,2,3,4
        TRIAL - DOCKET CALL NOT HELD ON 02/22/2011

02/22/2011 MOTION - MOTION TO DISMISS GRANTED ON 02/22/2011
        NANCY MILLS , JUSTICE
        COPY TO PARTIES/COUNSEL
02/22/2011 BAIL BOND - CASH BAIL BOND BAIL RELEASED ON 02/22/2011

        Date Bailed: 11/20/2009
02/22/2011 Charge(s): 1,2,3,4
        FINDING - DISMISSED BY COURT ENTERED BY COURT ON 02/22/2011
        NANCY MILLS , JUSTICE
        THE INDICTMENT IS DISMISSED WITH PREJUDICE
02/22/2011 Charge(s): 1,2,3,4
        ABSTRACT - SBI ISSUED ON 02/22/2011


A TRUE COPY
ATTEST: _____
                Clerk