MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2018 ME 155
Docket:        Cum-18-30
Submitted
  On Briefs:   September 26, 2018
Decided:       November 20, 2018

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, and HUMPHREY, JJ.

STATE OF MAINE

v.

SCOTT F. MATATALL

SAUFLEY, C.J.

[¶1] Scott F. Matatall appeals from a judgment of conviction for operating under the influence (OUI) with one prior OUI offense (Class D), 29-A M.R.S. § 2411(1-A)(C)(2) (2017), entered by the court (Cumberland County, *Fritzsche, J.*) following a jury trial. He argues that the court abused its discretion when, although it imposed a discovery sanction on the State by excluding a challenged video recording from the State's case-in-chief, it ordered that the State would be permitted to use the recording to impeach Matatall if Matatall testified and contradicted what the video showed. *See State v. Landry*, 459 A.2d 175, 177-78 (Me. 1983). The court did not abuse its discretion, and we affirm the judgment.

## I. BACKGROUND

[¶2]  On July 31, 2017, Matatall was charged by complaint with OUI with one prior OUI offense (Class D), 29-A M.R.S. § 2411(1-A)(C)(2).  He pleaded not guilty, and a jury trial was promptly scheduled and held on January 10, 2018.

[¶3]  Immediately before trial, Matatall's counsel moved to exclude a video recording of Matatall at the police station.  The basis of the motion was the State's failure to notify Matatall of the video until two days before trial.[1]  The State sought to offer the video in support of its allegations that Matatall refused to take an Intoxilyzer test and that Matatall was intoxicated and slurring his words.

[¶4]  The court ruled that because of the State's late disclosure, it would not be permitted to introduce the video in its case in chief.  However, the State would be permitted to introduce the recording if Matatall testified and "clearly contradicted" the video evidence.[2]

[¶5]  The State's only witness at trial was the police officer who pulled over and ultimately arrested Matatall.  Following the officer's testimony, the

---

[1]  Matatall's counsel did not receive a copy of the video until the day before trial.

[2] Following this discussion, the State reiterated a plea offer providing for the mandatory minimum fine and incarceration.  *See* 29-A M.R.S. § 2411(5)(B) (2017).  Matatall declined the offer.

State asked the court to clarify with Matatall's counsel that, should Matatall testify, he would risk introduction of the video. Despite this clear ruling from the court, Matatall, after consultation with counsel, chose to testify and contradicted the video evidence. Matatall renewed his objection of the video in evidence, and the court allowed the State to impeach Matatall on cross-examination with admission of the video.

[¶6] The jury returned a verdict of guilty. After hearing sentencing recommendations from both parties, the court entered a judgment of conviction, sentencing Matatall to six months' imprisonment, with all but twenty-one days suspended, a three-year license suspension, and a fine and assessments of $1,130.[3] Matatall timely appealed from the judgment of conviction. *See* 15 M.R.S. § 2115 (2017); M.R. App. P. 2B(b)(1).

## II. DISCUSSION

[¶7] The State had an obligation to provide Matatall with the recording it intended to offer in evidence within seven days after his plea of not guilty. Its failure to do so constituted a violation of M.R.U. Crim. P. 16(a)(2)(C), subjecting the State to sanctions pursuant to M.R.U. Crim. P. 16(e). The trial court has the discretion to "take appropriate action" in determining sanctions for a breach by

---

[3] Matatall had a prior OUI conviction from 2015. *See* 29-A M.R.S. § 2401(11) (2017).

4

the State in failing to comply with its discovery obligations pursuant to Rule 16. M.R.U. Crim. P. 16(e) (giving the presiding judge the authority not only to select a sanction but also to decide whether a sanction is required). We review the trial court's choice of discovery sanction for an abuse of discretion. *State v. Leavitt*, 625 A.2d 302, 305 (Me. 1993). We will vacate a discovery sanction only if, "despite the court's effort to nullify or minimize [the] consequence," the violation of the State's discovery responsibility creates a prejudice that rises to the level of depriving the defendant of a fair trial. *Id.* (quotation marks omitted).

[¶8] At issue here is Matatall's argument that the video should have been excluded for all purposes. As we have held, however, "[a]lthough the State's breach should not be held to the defendant's throat as a dagger, neither should it be used by him as a shield." *Landry*, 459 A.2d at 178. When a defendant chooses to testify in contradiction to evidence excluded as a discovery sanction, except in the most extraordinary circumstances, he should not expect to use Rule 16 as a shield against the admission of direct rebuttal evidence. *Id.*

[¶9] In describing this analysis in the case at bar, the court provided the following well-articulated assessment:

> [T]he defense essentially is: I wasn't drinking, I was stopped for no good reason, the smell of alcohol was from the beer my wife had, and I didn't do the field sobriety tests for a variety of psychological

and physical reasons, and I got kind of angry and unwisely refused to accept the offer to take the Intoxilyzer. . . .

You're now contesting and saying: Okay, here is an actual video of what you looked like. We don't have to rely on what the police officer testifies, what you say or what your wife says . . . . And I think that's the way the case is -- framed is really a fair rebuttal because he is essentially saying I didn't have a thing to drink; and the Intoxilyzer video would say, yes, you did.

[¶10] Thus, the court's decision to exclude the video from the State's case-in-chief ensured that it would not be used as a "dagger." *Id.* The court acted well within its discretion, however, in declining to exclude the video altogether, where doing so would have permitted Matatall to use the State's discovery violation as a "shield" to protect his testimony from credibility challenges through rebuttal. *Id.* Under these circumstances, the reasonable sanction selected by the court did not deprive Matatall of a fair trial, and the court did not abuse its discretion. *See id.*

The entry is:

Judgment affirmed.

Julie M. Healy, Esq., Law Offices of Peter J. Cyr, Portland, for appellant Scott F. Matatall

Stephanie Anderson, District Attorney, William J. Barry, Asst. Dist. Atty., and Briana Esposito, Stud. Atty., Prosecutorial District No. Two, for appellee State of Maine

Cumberland County Unified Criminal Docket docket number CR-2017-30239
FOR CLERK REFERENCE ONLY