STATE of Maine

v.

**Warren MARR.**

Supreme Judicial Court of Maine.

Argued Nov. 14, 1988.
Decided Dec. 20, 1988.

---

Before ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

GLASSMAN, Justice.

Warren Marr appeals from the judgments of the Superior Court (Lincoln County, *Perkins, J.*) entered on jury verdicts finding him guilty of four counts of unlawful sexual contact in violation of 17–A M.R.S.A. § 255 (Supp.1988) and four counts of gross sexual misconduct in violation of 17–A M.R.S.A. § 253 (Supp.1988). Marr contends the trial court committed reversible error in excluding from evidence a letter written to Marr by his stepdaughter and in denying his motion for a mistrial or an immediate curative instruction made during the State's closing argument. He also challenges the sufficiency of the evidence to support the jury's verdicts. For the reasons hereinafter set forth, we affirm the judgments.

From the evidence presented at trial the jury rationally could have found, *inter alia*, the following facts: In 1976, when his stepdaughter was approximately five years of age, Marr, his wife, his stepdaughter and a younger stepson moved to Maine. From May 1981 until December 1984, when the stepchildren and their mother moved from the Marr home to New Hampshire, Marr subjected his stepdaughter to a sexual relationship. At the time of the alleged offenses, Marr's stepdaughter was under fourteen years of age. As a result of the stepdaughter's disclosure of Marr's alleged sexual misconduct on May 29, 1986 to an employee of a family planning clinic, Marr was indicted. Marr entered a plea of not guilty to all the charges.

The jury found Marr guilty of the charged offenses, and Marr appeals.

I

Marr first contends that it was reversible error for the trial court to exclude from evidence a letter written to Marr by his stepdaughter sometime after the family's separation in December 1984 and before her mother and Marr divorced in March 1985. During the course of his testimony,

---

William R. Anderson, Dist. Atty., David M. Spencer (orally), Asst. Dist. Atty., Wiscasset, for the State.

Martin J. Ridge (orally), Beagle, Pearce, Feller & Ridge, Portland, for defendant.

Marr made an offer of proof as to the contents of the letter. He sought its admission on the ground that "it is absolutely contradictory and inconsistent with her testimony that she withheld disclosing this information to her mother in an effort to avoid breaking up the family, in keeping the family together."

■ Evidence of a prior inconsistent statement is proper impeachment under M.R.Evid. 607. Because it is offered not for the truth of the matter asserted but to demonstrate that the witness has in the past told a different story and therefore his trial testimony may not be reliable, it is not hearsay under M.R.Evid. 801(c). *See* R. Field & P. Murray, *Maine Evidence* § 607.4 (2d ed. 1987). We have previously stated that "[t]here are two preconditions to the admission of an out-of-court statement under the prior inconsistent statement rule: the out-of-court statement must truly be inconsistent with the witness's trial testimony ... and the impeachment must be on a matter that is 'relevant' as opposed to 'collateral.' " *State v. Allen*, 462 A.2d 49, 52 (Me.1983) (citations omitted).

■ Here, the stepdaughter testified that while living with Marr, except for the incidents of claimed sexual abuse, Marr was a kind stepfather and the family was a close and happy one; that she cared for Marr; that her mother was happy with Marr and with their home; and that prior to the separation of her mother and Marr she had not disclosed his conduct to her mother or anyone else because she did not want to hurt her mother or ruin her mother's marriage to or home with Marr. She also testified that "at some point" after December 1984, when she, her mother and her brother moved to New Hampshire, she had told her mother of Marr's alleged sexual misconduct. The letter directed to Marr and signed by his stepdaughter makes no reference to the alleged sexual misconduct of Marr or to the disclosure or nondisclosure of that conduct by the stepdaughter.

■ Because the proposed *out-of-court* statement did not satisfy the precondition that it "must truly be inconsistent with the witness's trial testimony," the trial court properly denied its admission. *State v. Allen*, 462 A.2d at 52. Marr gains nothing further from his contention, raised for the first time on appeal, that the trial court committed reversible error because it deprived the jury of an opportunity to evaluate the stepdaughter's testimony in light of her hostility toward Marr as evidenced in the letter to him. Evidence of bias and hostility is relevant for impeachment purposes. *See* M.R.Evid. 607; R. Field & P. Murray, *supra*, § 607.2. Here, Marr and other defense witnesses testified that Marr's relationship with his stepdaughter both before and after the family's separation was without hostility. Accordingly, we find no merit in Marr's present argument that the exclusion of the letter deprived him of a fair trial under the obvious error standard. *See* M.R.Crim.P. 52(b); *State v. True*, 438 A.2d 460, 469 (Me.1981).

## II

■ Marr next contends that because the State improperly argued to the jury facts not admitted in evidence, the trial court abused its discretion in denying Marr's motion for a mistrial or an *immediate* curative jury instruction. We disagree.

We agree with Marr that the prosecutor did not limit his closing argument to the facts introduced in evidence. There was no testimony during the trial of the reactions of children to sexual abuse or of the relationship between a victim and an abuser. By his argument, the prosecutor improperly moved beyond an analysis of evidence introduced at trial to a theoretical discussion on behavioral patterns of children subjected to sexual activity. The trial court did not, however, abuse its discretion by refusing to give an immediate curative instruction or grant a mistrial as requested by Marr.

Both at the opening of the trial and immediately prior to the State's argument, the court instructed the jury that arguments by counsel were not to be considered as evidence in this case. The court gave a full curative instruction concerning coun-

sel's arguments as a part of its charge to the jury at the close of the arguments of both parties. Accordingly, it cannot be said on this record that the trial court abused its discretion in refusing to give an immediate curative instruction as requested by Marr. Because the curative instruction addressed the impropriety presented in the State's closing argument, the court also properly denied Marr's motion for a mistrial. *See State v. Mason,* 528 A.2d 1259, 1260 (Me.1987) (in determining whether clear error, deference given to trial court's decision that curative instruction adequately protects against jury's consideration of matters instructed to disregard).

## III

Marr finally contends that the evidence is insufficient to support his conviction of the four counts of gross sexual misconduct and the four counts of unlawful sexual contact. "In determining whether there is sufficient evidence to support a jury's conviction, the appropriate standard '... is whether, based on that evidence viewed in the light most favorable to the prosecution, any trier of fact rationally could find beyond a reason-able doubt every element of the offense charged.'" *State v. Neron,* 519 A.2d 197, 200–201 (quoting *State v. Barry,* 495 A.2d 825, 826 (Me.1985)). We have previously held that "a victim's uncorroborated testimony may support a verdict unless it is 'contradictory, unreasonable, or incredible,'" and that it "is the jury's province to assess credibility and to weigh any conflicting testimony." *State v. Greene,* 512 A.2d 330, 332 (Me.1986) (quoting *State v. Walker,* 506 A.2d 1143, 1149 (Me.1986)). Our review of the record discloses that based on the evidence before it the jury rationally could have found beyond a reasonable doubt all the elements of the crimes with which Marr was charged.

The entry is: Judgments affirmed.

All concurring.