STATE of Maine

v.

Lester SHUMAN, Jr.

Supreme Judicial Court of Maine.

Argued Jan. 6, 1993.
Decided April 5, 1993.

R. Christopher Almy, Dist. Atty., Jeffrey M. Silverstein (orally), Asst. Dist. Atty., Bangor, for the State.

Marshall T. Cary (orally), Bangor, for defendant.

Before WATHEN, C.J., and GLASSMAN, CLIFFORD, COLLINS and RUDMAN, JJ.

GLASSMAN, Justice.

Lester Shuman, Jr., appeals from the judgments entered in the Superior Court (Penobscot County, *Beaulieu, J.*) on jury verdicts finding him guilty of attempted murder, 17–A M.R.S.A. §§ 152 (1983) & 201 (1983 & Supp.1992) and aggravated assault, 17–A M.R.S.A. § 208 (1983). He contends that the trial court erred in admitting certain evidence at the trial and that he received ineffective assistance of counsel. We affirm the judgments.

The jury heard the following evidence: During the afternoon of February 19, 1990, Shuman was involved in an altercation that provoked a call to the Bangor police. Following a visit from the police officers, Shuman made a statement to his wife, in the

presence of Joseph Ruest, that if Shuman were arrested for assault as a result of the altercation he would shoot his wife and their children. Shuman then asked Ruest to be a witness on his behalf that he did not assault anyone in the course of the altercation. Ruest did not respond. Later that evening, Shuman and Ruest were present at the home of Alfred Smith. Shuman again asked Ruest to vouch for him with respect to any assault charges arising out of the altercation of that afternoon, and Ruest declined. Following a further exchange with Ruest, Shuman left the apartment, returned with a gun and shot Ruest in the presence of two witnesses. Shuman returned with the gun to his own home, where he awakened his wife, told her he "shot Joe," secured the keys to his car, and left. Shuman was voluntarily taken into police custody an hour later. A gun owner's manual furnished to the police by Mrs. Shuman depicted the same type, make and model of a gun previously purchased by Alfred Smith and given to Shuman prior to February 19, 1990. Mrs. Shuman identified the manual as belonging to Shuman and being the manual for the gun in Shuman's possession when he had awakened her. Although the gun was not located, the spent and live 9 mm round found in the Smith home at the scene of the shooting was the appropriate ammunition for the type of gun described in the manual.

## I. Evidentiary Rulings

We review the trial court's evidentiary rulings for clear error or an abuse of its discretion. *State v. Giovanini*, 567 A.2d 1345, 1346 (Me.1989). In doing so, we accord wide discretion to the court's determinations on the relevancy of the proffered evidence, *Gurski v. Culpovich*, 540 A.2d 764, 766 (Me.1988); M.R.Evid. 402, as well as to its evaluation of any unfair prejudice that may result from the admission of the evidence. *State v. Heald*, 393 A.2d 537, 542 (Me.1978); M.R.Evid. 403.

### A. Shuman's prior statements

Shuman first contends that the court erred in admitting, over his objection, the testimony of Ruest that Shuman threat-ened to shoot his wife and their children if he were arrested for the prior incident and in failing, *sua sponte*, to give a limiting instruction to the jury that it could not consider this evidence as indicative of Shuman's character. He argues that the statement was irrelevant and unfairly prejudicial and should have been excluded pursuant to M.R.Evid. 403 and 404(b).

Evidence of similar acts, although prejudicial, may be admitted for the limited purpose of establishing an essential element of the crime charged, including the element of intent. *State v. Grant*, 394 A.2d 274, 276 (Me.1978). Similar threats or acts against others are relevant if there is a sufficient nexus between the evidence sought to be introduced and the elements of the crime charged. *State v. Gagne*, 362 A.2d 166, 170 (Me.1976); *State v. Wyman*, 270 A.2d 460, 462 (Me.1970).

Here, the trial court ruled that the statement was probative of Shuman's state of mind on the day of the shooting. To the extent that the statement demonstrated an unprovoked, knowing and intentional threat involving the use of a gun, in contrast to Shuman's later claim of self defense, it was properly admitted as relevant to Shuman's state of mind relating to his fear of criminal prosecution. *Gagne*, 362 A.2d at 170. Nor on this record can we say that the statement was unfairly prejudicial. The likelihood that the jury would draw from it an improper inference about Shuman's character and propensity to commit such a crime is ameliorated by the lack of evidence that Shuman made any effort to carry out his threat to his wife, the evidence of his later, non-threatening conversation with his wife, and the time lag between the statement and the assault on Ruest. *State v. Forbes*, 445 A.2d 8, 13 (Me.1982). Furthermore, we have repeatedly stated that it is not reversible error for the trial court to fail to give a limiting instruction to the jury when none was requested by the defendant. *State v. Dube*, 598 A.2d 742, 745 (Me.1991); *State v. Glidden*, 489 A.2d 1108, 1110 (Me.1985); *State v. McDonough*, 350 A.2d 556, 564 (Me.1976).

### B. Gun owner's manual

Shuman next contends that the court erred in admitting, over his objection, the gun owner's manual. He argues that because the gun used in the shooting had not been located the State was unable to connect the manual with the gun used in the charged offense. "[T]he admissibility into evidence of an object or article which testimony tends to make relevant as an evidentiary exhibit in the nature of 'demonstrative' or 'real' evidence, lies, essentially, in the discretion of the [trial court]." *Cope v. Sevigny*, 289 A.2d 682, 689 (Me.1972). If relevant, such evidence is admissible unless unfairly prejudicial to the defendant. *State v. Philbrick*, 481 A.2d 488, 494 (Me. 1984).

 In addition to Mrs. Shuman's testimony that the manual belonged to Shuman and was the manual for the gun in Shuman's possession on the evening of February 19th, Alfred Smith testified that the manual depicted the same type, make and model as the "9 mm Intratech" gun he purchased and had given to Shuman prior to the date of the alleged offenses. Although the gun itself was not located, shells found at the scene established that the type of weapon used in the shooting was the type described in the manual. Thus, the manual was relevant to establish the availability to Shuman of the type of weapon used in the shooting. *Forbes*, 445 A.2d at 12. The State's inability to produce the actual weapon goes to the weight of the evidence not to its admissibility. *See State v. Lindsey*, 447 A.2d 794, 796 (Me. 1982). Moreover, although the description of the gun was prejudicial to Shuman's case, it was not unfairly so. The manual alone was not likely to "overwhelm the jury's reason" or move the jury to decide the case on an improper basis. *Forbes*, 445 A.2d at 12–13; *Philbrick*, 481 A.2d at 494. *See also State v. Lagasse*, 410 A.2d 537, 541 (Me.1980) (no unfair prejudice when physical evidence merely corroborates testimonial evidence). The court did not abuse its discretion by admitting the manual in evidence in the trial of this case.

### C. Prior consistent statement

Without objection, on re-direct examination by the State, Michael Smith testified concerning a pretrial statement he made to the Bangor police the night of the shooting that Ruest had done nothing to provoke the assault. Accordingly, we review Shuman's challenge to Smith's testimony to determine if it affected substantial rights of Shuman. *State v. Green*, 564 A.2d 62, 63 (Me.1989); M.R.Crim.P. 52(b). Given the weight of competent evidence against Shuman, including the testimony of two eyewitnesses and the victim, Smith's testimony as to his pretrial statement to the police did not result in any manifest injustice to Shuman and did not rise to the level of obvious error. *Dube*, 598 A.2d at 746.

### II. Ineffective Assistance of Counsel

Shuman finally contends that he received ineffective assistance of counsel at his trial.[1] Contrary to Shuman's contention, the record in this case does not reflect beyond the possibility of rational disagreement that the defendant was inadequately represented by his trial counsel. *State v. Mitchell*, 593 A.2d 1047, 1050 (Me.1991).

The entry is:

Judgments affirmed.

All concurring.

---

1. Trial counsel was not the same as appellate counsel.