**STATE of Maine**

v.

**Clarence E. SARGENT.**

Supreme Judicial Court of Maine.

Submitted on Briefs March 2, 1995.

Decided March 31, 1995.

Steven Juskewitch, Deputy Dist. Atty., Ellsworth, for State.

Jeffrey C. Toothaker, Toothaker & Chong, Ellsworth, for defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

DANA, Justice.

Clarence Sargent appeals from a judgment entered in the Superior Court (Hancock County, *Beaulieu, J.*) following a jury verdict finding him guilty of rape, 17–A M.R.S.A. § 252(1) (1983), and gross sexual misconduct, 17–A M.R.S.A. § 253(1)(A) (1983).[1] Sargent argues that the court erred when it refused to dismiss the action based on an alleged discovery violation. He also challenges three evidentiary rulings and contends that there was insufficient evidence to find that the victim submitted to sexual intercourse or a sexual act as a result of compulsion and insufficient evidence to prove beyond a reasonable doubt that a rape or an act of gross sexual misconduct actually occurred. We find no merit in any of Sargent's contentions and affirm the judgment.

The evidence presented at the trial can be summarized as follows. The victim, a photographer, lived in an isolated cabin in a wooded area of a small town. On July 2, 1987, she was confronted by Sargent on a path near her home. He threw her down to the ground, took off her clothes, and threatened her with his fist. He then forced his penis into her vagina and mouth. Sargent then fled the scene, and the victim proceeded to her neighbor's home, told her of the rape, and continued on to the hospital for an examination. The examination revealed forest floor debris on the victim's back and around her anus. Her vagina contained sperm, and the vaginal entrance was reddened. The victim reported the incident to the police the following day. Two months later the victim, while taking photographs for a magazine at a local fair, saw and photographed Sargent. He was subsequently identified and prosecuted.

According to the victim, Sargent previously raped her in September 1983. She was hitchhiking, he gave her a ride home, and she invited him to her cabin. They talked, he offered her some marijuana, and the victim took Sargent to her bedroom. He undressed her with her permission. The victim became "scared" or "nervous" about Sargent's conduct, however, and excused herself for a moment. He raped her when she returned to the bedroom.

In October 1983 Sargent returned to the victim's cabin. He pushed her down, started to choke her, and threatened her. He fled, however, when she told him a lie about surveillance of her property following the earlier incident. The victim reported the incidents. When a detective with the Maine State Police showed her a photo lineup that included Sargent's photo, she was unable to positively identify Sargent as her assailant, and no

---

1. The then effective statutes provided in pertinent part:

 A person is guilty of rape if he engages in sexual intercourse ... [w]ith any person, not his spouse, and the person submits as a result of compulsion, as defined in section 251, subsection 1, paragraph E.

 17–A M.R.S.A. § 252(1)(B) (1983).

 A person is guilty of gross sexual misconduct ... [i]f he engages in a sexual act with another person, not his spouse, and [t]he other person submits as a result of compulsion, as defined in section 251, subsection 1, paragraph E[.]

 17–A M.R.S.A. 253(1)(A) (1983).

 Compulsion means physical force, a threat of physical force or a combination thereof which makes a person unable to physically repel the actor or which produces in that person a reasonable fear that death, serious bodily injury or kidnapping might be imminently inflicted upon that person or upon another human being.

 17–A M.R.S.A. § 251(1)(E) (1983).

charges were filed with respect to these 1983 incidents. The victim later wrote a book in which she describes the 1983 incidents. Her book also contains a chapter entitled "In Defense of Marijuana."

A trial was held in October 1989, but a mistrial was declared due to a deadlocked jury. Subsequent to this first trial the state disclosed to Sargent that the victim had been unable to identify him from the photo lineup after the 1983 incidents. In March 1990 Sargent filed a motion to dismiss, arguing that this late disclosure was a discovery violation. The court denied the motion. In October 1991 the case was tried again and the jury returned a verdict of guilty on both charges. This appeal followed.

## I.

Whether to impose a sanction for violating the discovery rules rests within the discretion of the presiding justice. *See State v. Mazerolle*, 614 A.2d 68, 73 (Me.1992); *State v. Reeves*, 499 A.2d 130, 133 (Me.1985). *See also* M.R.Crim.P. 16(d). To establish an abuse of discretion under Rule 16(d), Sargent would have to show that he was, in fact, prejudiced by the discovery violation despite the court's effort to nullify or minimize its consequences, and that the prejudice rose to the level of depriving him of a fair trial. *State v. Leavitt*, 625 A.2d 302 (Me.1993) (citing *Reeves*, 499 A.2d at 133). The court found there was no evidence to suggest that either the detective assigned to the investigation of the 1987 incident or the district attorney in the 1989 trial possessed a copy of the 1983 investigation for more than a short time before providing it to Sargent. The first trial ended in a mistrial, and Sargent obtained the lineup report twenty months before the second trial. Although the dismissal of a case may be, under certain circumstances, the appropriate sanction for a discovery violation, it is an extreme sanction that should be reserved for extreme cases. *Reeves*, 499 A.2d at 133. In the instant case, the trial court acted within its discretion in not dismissing the action following the first trial. Sargent makes no showing of prejudice with respect to the second trial.

## II.

We review the trial court's evidentiary rulings for clear error or an abuse of discretion. *State v. Shuman*, 622 A.2d 716, 718 (Me.1993). The question of relevancy of proffered evidence is reviewed under a clear error standard. *State v. Robinson*, 628 A.2d 664, 666 (Me.1993). The decision to admit or exclude evidence is more frequently reviewed under an abuse of discretion standard "because the question of admissibility frequently involves the weighing of probative value against considerations militating against its admissibility." *Id.; see also* M.R.Evid. 403.

Sargent argues that the victim's detailed testimony about being raped and assaulted by Sargent in 1983 was unfairly prejudicial. Sargent did not object to this testimony at the trial. When the defendant fails to object or otherwise preserve the error, we review for obvious error affecting substantial rights. M.R.Crim.P. 52(b). An obvious error is a "seriously prejudicial error tending to produce manifest injustice." *State v. True*, 438 A.2d 460, 467 (Me.1981) (quoting *State v. Baker*, 409 A.2d 216, 219 (Me.1979)).

Here, the victim's testimony about the extent and nature of her prior contact with Sargent has some relevance to, and is somewhat probative of, the accuracy of her identification of Sargent as the assailant in the 1987 incident. Moreover, not only did Sargent fail to object to the evidence concerning the 1983 incident, he cross-examined the victim at great length regarding her initial consent and made consent an issue in the 1987 sexual encounter as well. There was also ample evidence in the record, independent of the testimony of the 1983 incident, to sustain the jury's verdict. The inclusion of the evidence of the 1983 incident was not obvious error.

Similarly, the victim's testimony about her experience as a portrait photographer was relevant to and probative of the accuracy of her identification of Sargent as the assailant. It was within the discretion of the trial court to admit this evidence. *See Shuman*, 622 A.2d at 718; *Robinson*, 628 A.2d at 666. *See also* M.R.Evid. 403. Nor was it an abuse of discretion for the trial court to exclude the victim's published de-

scriptions of her marijuana use and her lifestyle. *See Shuman,* 622 A.2d at 718; *Robinson,* 628 A.2d at 666; M.R.Evid. 403. *See also State v. Rossignol,* 490 A.2d 673, 675 (Me.1985); *State v. Cedre,* 314 A.2d 790, 799 (Me.1974) (although evidence of impairment caused by the use of drugs at the time of the event or testimony may be admissible, the fact that a witness has used or is even addicted to drugs is excludable).

### III.

 In examining the sufficiency of the evidence, we view the evidence in the light most favorable to the State to determine whether a trier of fact "rationally could find beyond a reasonable doubt every element of the offense charged." *State v. Barry,* 495 A.2d 825, 826 (Me.1985). The weight to be given to the evidence and determinations of witness credibility are the exclusive province of the fact finder. *State v. Glover,* 594 A.2d 1086, 1088 (Me.1991).

 The victim testified that Sargent had previously raped her and assaulted her. She further testified that he confronted her in an isolated place, and that he "threw me down on the ground," "took off my clothes," and "threatened me with his fist." Any trier of fact could rationally find beyond a reasonable doubt that the victim submitted as a result of compulsion. The victim also testified that Sargent "forced his penis into" her vagina and that he put his penis in her mouth. Dr. Walker testified regarding his findings of vaginal redness, the presence of sperm, and the forest debris he retrieved from the victim's clothing and body. There was sufficient evidence that a rape and an act of gross sexual misconduct occurred.

### IV.

Sargent's remaining point, raised for the first time on appeal and after oral argument, is unpreserved.

The entry is:

Judgment affirmed.

All concurring.