1998 ME 139

**STATE of Maine**

v.

**Lee THURLOW.**

Supreme Judicial Court of Maine.

Argued Jan. 6, 1998.
Decided June 5, 1998.

Stephanie Anderson, District Attorney, Julia Sheridan, Asst. Dist. Atty., (orally), Portland, for State.

Robert A. Levine (orally), Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, and LIPEZ, JJ.

RUDMAN, Justice.

[¶ 1] Lee Thurlow appeals from the judgment entered in the Superior Court (Cumberland County, *Crowley, J.*) following a jury trial in which he was found guilty of unlawful sexual contact pursuant to 17–A M.R.S.A. § 255(1)(A) (Supp.1997), assault pursuant to 17–A M.R.S.A. § 207 (1983 & Supp.1997), and attempted gross sexual assault pursuant to 17–A M.R.S.A. § 253(1)(A) (Supp.1997). Thurlow contends, *inter alia,* that the trial court erred in excluding testimony concerning the victim's prior threats to falsify allegations of rape against him.[1] We agree and vacate the judgment.

[¶ 2] Lee Thurlow's convictions arise from an alleged incident between Thurlow and his former girlfriend. Thurlow allegedly arrived at the victim's home, entered, and forcibly attempted to have sex with her. The testimony revealed that, about thirteen months prior to this incident, the victim's relationship with Thurlow ended when she became aware that Thurlow was having sexual relations with another woman. The victim became aware of Thurlow's indiscretion while the two were staying at the apartment of Thurlow's friends, Larry Shumway and Susan McAleer. On the night that Thurlow and the victim ended their relationship, Thurlow contends that the victim, angered by Thurlow's infidelity, told McAleer that, "he [Thurlow] just fucked me and left. I should call the police on him. That's rape."

[¶ 3] During direct examination, the victim denied having made this statement. Thurlow was not permitted to present impeachment testimony from McAleer concerning this conversation. Thurlow made two arguments in support of the admissibility of McAleer's testimony concerning the victim's statements: (i) they are prior inconsistent statements admissible for the purpose of im-

---

1. Thurlow also claims that the verdict was unlawfully tainted by a juror's extra-judicial questioning of him concerning his decision not to testify. Because we vacate the judgment on the ground that the trial court improperly excluded Thurlow's proffered evidence regarding the victim's motive we need not reach the issue of the improper contact during trial between a juror and Thurlow. *See Your Home, Inc. v. City of Portland,* 432 A.2d 1250, 1256–57 (Me.1981) ("[W]e avoid expressing opinions on constitutional law whenever a nonconstitutional resolution of the issues renders a constitutional ruling unnecessary.").

peaching her testimony; and (ii) they are excited utterances pursuant to M.R. Evid. 803(2). The court rejected both arguments and furthermore determined that, pursuant to M.R. Evid. 403, the probative value of McAleer's testimony was outweighed by its potential adverse impact on the jury and therefore should be excluded. After a jury verdict of conviction, Thurlow filed a motion for a new trial based on the exclusion of the testimony concerning the victim's threat to fabricate a rape charge against him. The motion was denied and this appeal followed.

## I.

[¶ 4] The court correctly concluded that the victim's statements were not excited utterances. The court erred, however, in concluding that the victim's alleged out-of-court statements to McAleer did not constitute prior inconsistent statements. A prior inconsistent statement is a statement "offered not for the truth of the matter asserted but to demonstrate that the witness has in the past told a different story and therefore his [or her] trial testimony may not be reliable...." *State v. Marr*, 551 A.2d 456, 458 (Me.1988). We have enunciated "two preconditions to the admission of an out-of-court statement under the prior inconsistent statement rule: the out-of-court statement must truly be inconsistent with the witness's trial testimony ... and the impeachment must be on a matter that is 'relevant' as opposed to 'collateral.'" *Id.* (quotations and citations omitted).

[¶ 5] At trial, the victim denied that she had, about 13 months prior to the present incident, threatened to falsify a rape charge against Thurlow in the presence of McAleer. Thurlow subsequently sought to introduce testimony by McAleer that the victim did make this statement to McAleer. Such testimony would have described an out-of-court statement by the victim that directly contradicted her trial testimony. The court therefore erred in not finding an inconsistency.

## II.

[¶ 6] The trial court also erred in excluding McAleer's testimony on the basis of M.R. Evid. 403. Pursuant to M.R. Evid. 403, the trial court may exclude evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury...." We review evidentiary rulings for clear error or abuse of discretion and accord "wide discretion" to the trial court's evaluation of the potential for unfair prejudice. *State v. Cloutier*, 1997 ME 96, ¶ 5, 695 A.2d 550, 552; *State v. Shuman*, 622 A.2d 716, 718 (Me. 1993). We have held, however, that when evidence is proffered by a criminal defendant and the State contends that the evidence is inadmissible, "the defendant's right to confront and cross-examine the witnesses against him significantly circumscribes the court's discretion to exclude the evidence." [2] *State v. Graves*, 638 A.2d 734, 737 (Me.1994)

[¶ 7] "[T]he exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination." *Davis v. Alaska*, 415 U.S. 308, 316–17, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974). The right to introduce evidence to expose motive assumes particular importance when the criminal defendant faces damaging testimonial evidence from a witness who might be motivated by "malice, vindictiveness, intolerance, prejudice, or jealousy." *Davis*, 415 U.S. at 317 n. 4, 94 S.Ct. 1105 (quoting *Greene v. McElroy*, 360 U.S. 474, 496, 79 S.Ct. 1400, 3 L.Ed.2d 1377 (1959)). Thurlow theorizes that if the victim was capable of threatening to falsify a rape charge against him then she is capable of falsifying the present charges against him; he claims that she is motivated in the present instance by the same malice, vindictiveness, and jealousy that led her to contemplate a false rape charge in the past.

[¶ 8] This case is functionally indistinguishable from *Graves*. In *Graves*, the trial court excluded evidence demonstrating possible bias of a witness against the defendant who was accused of raping her. *Graves*, 638

---

**2.** This right of confrontation is secured by the United States and Maine constitutions. U.S. Const. amend. VI; Me. Const. art I, § 6.

A.2d at 737. This witness had sold t-shirts prior to trial depicting the accused with his hands and penis in handcuffs and which stated "Ain't gettin off ... this time ... they finally got 'the big one'." *Id.* at 736 n. 2. The trial court reasoned that the prejudicial value of this evidence outweighed its probative value in light of the other evidence produced demonstrating the witnesses dislike for the defendant. *Id.* at 737. We disagreed, noting that the sale of t-shirts by the witness demonstrated a distinct level of bias against the defendant and could not be characterized as cumulative bias evidence. *Id.* The excluded testimony of McAleer, like that excluded in *Graves,* was not merely cumulative evidence of the victim's dislike for Thurlow; the excluded evidence demonstrated a distinct manifestation of vindictiveness toward Thurlow—a willingness to seriously contemplate a false retaliatory charge of rape.

[¶ 9] The testimony of McAleer is "the proper subject for jury consideration." *Graves,* 638 A.2d at 739. The victim was the State's principal witness against Thurlow, and thus "evidence tending to impeach her credibility ha[s] greatly enhanced probative value." *State v. Whitman,* 429 A.2d 203, 205 (Me.1981). The adverse impact that this evidence may have on the jury cannot outweigh the probative value in these circumstances. *See State v. Forbes,* 445 A.2d 8, 12 (Me.1982) ("[adverse impact] means more than simply damage to the opponent's cause ... [it is] an undue tendency to move the tribunal to decide on an improper basis, commonly, though not always, an emotional one") (citations omitted). The trial court exceeded the bounds of its discretion in excluding the testimony concerning the victim's threat to fabricate a rape charge against Thurlow. Because we cannot say beyond a reasonable doubt that the exclusion of this evidence did not affect the verdict, the error is not harmless and we vacate the judgment on this ground. *See State v. Anaya,* 438 A.2d 892, 894 (Me.1981).

The entry is:

Judgment vacated. Remanded for further proceedings consistent with the opinion herein.

LIPEZ, Justice, concurring.

[¶ 10] Although I agree with the Court's conclusions that the trial court erred in excluding evidence of the victim's statements and that this error was not harmless, I write separately to analyze in greater detail the court's alternative basis for the exclusion of the testimony of McAleer pursuant to M.R. Evid. 403. In my view, that exclusion reflects a common misapplication of Rule 403.

[¶ 11] The court concluded erroneously that the victim's out-of-court statements to McAleer should be excluded pursuant to Rule 403 because they were too remote in time to be relevant. The defendant offered evidence of the victim's alleged willingness to make a false criminal report of rape against him to raise questions about the legitimacy of the charges in this case. Although remoteness may have diminished the probative value of the statements, it did not make proof of the victim's long-standing anger at the defendant irrelevant. Moreover, Rule 403 governs the court's discretion to exclude *relevant* evidence. Rule 403 does not apply to irrelevant evidence.

[¶ 12] Despite the court's description of the victim's out-of-court statements as irrelevant, the court's summary reference to Rule 403 also suggests a concern that the statements of McAleer were somehow unfairly prejudicial to the State because they related to a separate incident involving the victim and the defendant that occurred over a year before the events that were the subject of the trial. Rule 403 states:

> [a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

This rule sets forth six different grounds for excluding relevant evidence. Too often, courts and counsel invoke "unfair prejudice" as a basis for exclusion pursuant to Rule 403 when that basis for exclusion is inapplicable and the actual basis for exclusion is a different Rule 403 ground.

"Unfair prejudice" has a specific meaning. It is more than simply damage to the opponent's cause. A party's case is always damaged by evidence that the facts are contrary to his contentions; but that cannot be ground for exclusion. *What is meant here is an undue tendency to move the tribunal to decide on an improper basis, commonly, though not always, an emotional one.*

*State v. Hurd,* 360 A.2d 525, 527 n. 5 (Me. 1976) (citation omitted) (emphasis added). Although the State may invoke "unfair prejudice" pursuant to Rule 403 as a basis for excluding evidence offered by the defendant in a criminal trial, *see, e.g., United States v. James,* 139 F.3d 748, 753 n. 1 (9th Cir.1998) ("The rule is neutral as to which side proffers the evidence; it does not say 'unfair prejudice to the defendant.' "),[3] the State must demonstrate that the probative value of the evidence is substantially outweighed by the risk that that evidence will have an undue tendency to move the jury to acquit the defendant on an improper basis.

[¶ 13] The State never demonstrated in this case what that improper basis would be. Indeed, the State complicated the judge's task by failing to articulate a cogent basis for excluding McAleer's testimony. Although the exigencies of a trial will always limit the time for a careful analysis of evidentiary issues, both counsel and the court should try to avoid shorthand references to Rule 403 or to "unfair prejudice" in lieu of a brief but more complete explanation of the basis for exclusion pursuant to Rule 403. Such an explanation may help to focus the analysis of counsel and the court, and may reduce the likelihood of the kind of error we find here.

---

**3.** *See also* 1 WIGMORE, EVIDENCE § 10a at 682–83 (Tillers rev. 1983 & Supp.1991) (collecting cases); *cf. State v. Albert,* 495 A.2d 1242, 1244 (Me.1985) (acknowledging that Rule 403 would apply to evidence offered by the defendant that qualified for admission pursuant to M.R. Evid. 412); *United States v. Guardia,* 135 F.3d 1326, 1329 (10th Cir.1998) ("Rule 403 applies to all evidence admitted in federal court, except in those rare instances when other rules make an exception to it.").