STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-00-066

JOSEPH K. ANDERSON,

  Plaintiff-Appellee

 vs.         ORDER

THOMAS RYAN, III,

  Defendant-Appellant     DEC 1 2000

On June 16, 2000, after a hearing, the district court (Powers, J.) made a finding that plaintiff Joseph K. Anderson had been harassed by defendant Thomas Ryan and issued an order for protection. The hearing was not recorded. Pursuant to M.R. Civ. P. 76H(a), M.R. Civ. P. 77(b)(2) and a September 12, 1990 Administrative Order issued by the then-Chief Judge Pease, protection from harassment hearings are not routinely recorded but are only recorded if a party so requests. No request for recording was made by Ryan, who appeared pro se in the district court.

On July 14, 2000 Ryan filed a notice of appeal. That notice included a checkmark in the box labelled "no electronic or other recording of the proceedings being available, a statement in lieu of transcript will be prepared".

On July 24, 2000 Ryan filed a document entitled "Statement to Accompany Appeal". The introduction to that document stated that it was a "statement of evidence I presented on June 16 . . . to the best of my recollection". After recounting the evidence from Ryan's point of view, it stated as follows

> My father, Thomas Ryan Jr., witnessed the entire event
> and his testimony in court on 16 June 2000 coincided with



mine. <u>My wife, Darlene J. Ryan and Joseph K. Anderson's account of this and alleged prior incidents differed significantly from what my father and I stated.</u>

(emphasis added) Ryan's statement accompanying his appeal also purported to quote some comments made by the district court at the conclusion of the hearing to the effect that Ryan and Anderson did not need to have contact, that Anderson should not be involved in the divorce proceedings then pending between Ryan and his estranged wife, and that entering the protection order was the simplest way to achieve this result.

A copy of this statement was apparently served on Anderson. No response to the statement was made by Anderson, and the statement apparently was not submitted to the district court for settlement and approval to the extent that such may have been required under Rule 76F(c). Instead, a briefing schedule was issued by the clerk of the superior court and Ryan duly filed his brief on September 11, 2000. Ryan's brief argued -- on the basis of Ryan's written statement of the proceedings -- that there was insufficient evidence of harassment to sustain the district court's order. Specifically, Ryan argued that there was no evidence that there had been either three or more acts as required by 5 M.R.S.A. § 4651(2)(A) or a single act qualifying as harassment under 5 M.R.S.A. § 4651(2)(C). Ryan also argued that there was insufficient evidence that Ryan "consciously intended" to harass Anderson under <u>Smith v. Welch</u>, 645 A.2d 1130, 1132 (Me. 1994).

After the filing of Ryan's brief, Anderson filed two motions. The first was a motion to dismiss the appeal. The second was a motion to strike the statement

2

accompanying appeal that was filed by Ryan in the district court on July 24, 2000. Both motions note the absence of any record or transcript of the June 16 hearing and challenge Ryan's attempt to remedy this problem in his July 24, 2000 statement.

Although Ryan's brief refers to his July 24 Statement Accompanying Appeal as a statement filed pursuant to Rule 76F(c), see Ryan's Br. at 1, Anderson correctly notes that by its terms Rule 76F(c) only applies to cases in which electronic recording is either routine or is timely requested under Rule 76H(a) but in which, for reasons beyond the control of any party, no recording was made or no transcript is available. This case fits neither category. In contrast, in district court cases where electronic recording is neither routine nor requested, there appears to be no mechanism except perhaps Rule 76F(d) by which the parties can obtain a factual record for purposes of appeal.[1]

Ryan notes that he appeared pro se in the district court and that he assumed the proceeding was being recorded. In an ideal world, a pro se litigant should perhaps receive some additional warning of the need to request that proceedings be recorded. However, the need to request that a proceeding be recorded would be apparent to any pro se litigant who consulted the applicable Rules of Civil Procedure. Specifically, Rules 77(b) and 76H(a) provide adequate warning of the

---

[1]      Rule 76F(d) allows the parties to file an agreed upon record when the questions presented by appeal "can be determined without an examination of all the pleadings, evidence, and proceedings in the court below". Rule 76F(d) does not appear to apply in this case because the statement submitted by Ryan was not signed by both parties, as Rule 76F(d) contemplates, and was not approved by the District Court judge. Ryan's argument that the statement he submitted should nevertheless be treated as a Rule 76F(d) statement is considered further below.

need to request that proceedings be recorded. Pro se litigants are held to the same standards as parties represented by attorneys. E.g., Gurschick v. Clark, 511 A.2d 36 (Me. 1986). Moreover, given that no record exists and that the parties disagree as to the facts, there is simply no way to create a record at this point even if the court were willing to give Ryan leeway in light of his unrepresented status below.

Ryan argues that because the statement he filed was not objected to by Anderson below, it should be treated as an agreed upon record under Rule 76F(d). Even if this court were willing to overlook that the statement was neither signed by Anderson nor approved by the district court as required by Rule 76F(d), Ryan's argument is still unavailing. The statement he submitted admits that the evidence offered by Anderson and by Ryan's estranged wife "differed significantly" from Ryan's version of the evidence. The district court was therefore entitled to credit Anderson's contrary version of events.

While Ryan also contends that Anderson did not offer evidence constituting at least three acts of harassment, as required by 5 M.R.S.A. § 4651(2)(A), his statement of the evidence refers to testimony offered by Anderson not just with respect to the events of May 21, 2000 but as to "alleged prior incidents." The district court was therefore entitled to credit that testimony as well. Finally, even assuming that the district court made the statements attributed to it in the statement accompanying Ryan's appeal, its June 16 order contains an express finding "that the plaintiff was harassed by the defendant." This court has no basis to overturn that finding on this record.

4

Ryan further argues that he has been denied due process by the absence of an appellate record. On this issue, Anderson is correct when he notes that the due process clause does not require an opportunity for an appeal. In addition, given the provisions of Rule 76H(a) and 77(b), the absence of an appellate record is chargeable against Ryan.

In sum, given the resources available in the district court, recording is only provided when required by statute or rule, where the judge orders recording on his or her own motion, or where it is requested in advance by the parties. Since Ryan has not provided a record on which his factual arguments on appeal can be judged, he cannot prevail on his claim that the facts before the district court were insufficient to permit entry of an order of protection. Because Ryan has not raised any other questions of law in his appeal, the entry is:

The order of protection entered by the District Court is affirmed.


Dated: December _5_, 2000

_____
Thomas D. Warren
Justice, Superior Court

Date Filed __07-31-00__   __CUMBERLAND__   Docket No. __AP 00-066__

County

Action __APPEAL FROM DISTRICT COURT__

JOSEPH K. ANDERSON                    THOMAS RYAN III

vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| PRO SE | MICHAEL J. DONLAN ESQ |
| JOSEPH K. ANDERSON | PO BOX 147,KENNEBUNK ME   04043-0147 |
| 105 FRONT ST., PORTLAND ME 04103 | |
| RALPH BROWN ESQ  773-3133 | |
| 19 Candlewick Road | |
| Portland Me 04102 | |

te of
Entry