ENTERED DEC 0 5 2014  me/

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-11-505
JAW-CUM-12-03-14

BANK OF AMERICA, N.A.,
                    Plaintiff

ORDER ON PLAINTIFF'S

V.                                          M.R. CIV. P. 59(a),(e) MOTIONS

DA HEM and KAY CHHOM,
                    Defendants

STATE OF MAINE
Cumberland, ss, Clerk's Office

DEC 03 2014

RECEIVED

INTRODUCTION

Before the court is the plaintiff's motion to amend the December 13, 2013 judgment for the defendants on the plaintiff's foreclosure claim and the plaintiff's motion for a new trial. *See* M.R. Civ. P. 59(a),(e). The plaintiff argues that the court should amend the judgment or grant it a new trial because the court misconstrued and misapplied the witness qualification requirements necessary to introduce certain business records pursuant to M.R. Evid. 803(6). The defendant Da Hem opposes the plaintiff's motion, arguing that the court correctly applied the case law related to witness qualification. After considering the arguments of the parties, the applicable law, and the testimony that the court received from the plaintiff's witness, the plaintiff's motions are hereby **DENIED**.

I.      **Final Hearing and Judgment**

The final hearing on the plaintiff's claim for foreclosure came before the court on October 10, 2013. The plaintiff and the defendant Da Hem were present with counsel. A Cambodian interpreter assisted Da Hem during the hearing. The defendant Kay Chhom was not present and was not represented by counsel.

The only witness the plaintiff presented was Mark Eno, an employee of Green Tree Servicing (Green Tree). Green Tree services the loan on behalf of the plaintiff, Bank of America. No other witnesses from Green Tree or Bank of America were present. Shortly after Eno began his testimony, the defendant challenged whether Eno was a qualified witness for the purpose of introducing the plaintiff's business records. The defendant argued that Eno lacked the requisite knowledge of the plaintiff's recordkeeping practices to ensure the reliability and trustworthiness of the records.

The court permitted the defendant to voir dire Eno regarding his qualifications and knowledge of the recordkeeping practices of both Bank of America and Green Tree. The court also provided plaintiff with multiple opportunities to elicit testimony from Eno regarding his knowledge of and involvement in Bank of America and Green Tree's recordkeeping operations. The defendant then made a motion for a judgment as a matter of law based on the plaintiff's failure to produce a qualified witness, and by extension, its failure to admit any records or testimony regarding the mortgage transaction.[1] *See* M.R. Civ. P. 50(d). In response, the plaintiff vigorously argued that Eno was a qualified witness and that the records concerning the mortgage should be admitted pursuant to M.R. Evid. 803(6). The plaintiff did not argue any alternative basis for admission of the any records relating to the mortgage.

---

[1] In its motion, the plaintiff takes issue with the court's treatment of the defendant's motion to dismiss with prejudice as a motion for a judgment as a matter of law. However, there is no specific rule of civil procedure that the defendant could have invoked other than Rule 50(d) in support of its "motion to dismiss with prejudice." M.R. Civ. P. 41(b)(2) only permits a defendant to move for dismissal of an action with prejudice for the plaintiff's failure to prosecute or for the plaintiff's failure to comply with the rules of civil procedure or a court order. Under previous versions of the Maine Rules of Civil Procedure the defendant could have cited to M.R. Civ. P. 41(b)(2); however, in 1983 the last three sentences of then Rule 41(b)(2) were deleted from that section and incorporated into M.R. Civ. P. 50(d). *See* M.R. Civ. P. 41 advisory committee's note to 1983 amend. Me. Judicial Branch website/Rules (visited Nov. 18, 2014). Furthermore, the advisory committee notes to Rule 50 indicate that the court can and should treat an improperly labeled "motion to dismiss" as a motion for a judgment as a matter of law. *See* M.R. Civ. P. 50 advisory committee's note to 1983 amend. Me. Judicial Branch website/Rules (visited Nov. 18, 2014); *see also Smith v. Welch*, 645 A.2d 1130, 1131 n.1 (Me. 1994). Therefore, the plaintiff's argument that it was improper for the court to treat the defendant's "motion to dismiss with prejudice" as a motion for a judgment as a matter of law is without merit.

2

The court took the matter of the witness's qualifications and the defendant's motion for a judgment as a matter of law under advisement and proceeded onward with the hearing. The court received, but did not admit, all of the plaintiff's exhibits. The court clearly instructed the plaintiff to proceed with its case and to present all of its evidence. At no point did the plaintiff object to this procedure or indicate that it intended to call any witnesses other than Eno. The court clearly stated that if, after researching the witness qualification issue, it concluded that the witness was not a qualified witness and therefore could not lay the foundation necessary to admit the records offered by the plaintiff or testify regarding those records, it would grant the defendant's motion. Again, despite having an opportunity to do so, the Plaintiff did not object to this procedure or indicate that it wished to call any additional witnesses in order to bolster its case should the court conclude that Eno was not a qualified witness.

On December 13, 2013, the court granted the defendant's motion for judgment as a matter of law and issued a final judgment for the defendants on the plaintiff's claim. The court found that the plaintiff's witness was not a qualified witness pursuant to M.R. Evid. 803(6) and thus his testimony was not sufficient to lay the foundation necessary to testify about or admit the records necessary to demonstrate the elements required to support a judgment of foreclosure. *See Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, ¶ 18, 96 A.3d 700 (listing the elements necessary to support a judgment of foreclosure).

## II.    Plaintiff's arguments

On December 26, 2013, the plaintiff filed a motion pursuant to M.R. Civ. P. 59(a),(e), requesting the court to either (1) revise the judgment to reflect a dismissal without prejudice or (2) grant the plaintiff a new trial. The crux of the plaintiff's argument in support of both its motions is that the court applied the wrong witness qualification standard and thus erred in

3

concluding that Eno was not a qualified witness.[2] The plaintiff asserts that the standard enunciated in *Beneficial Me., Inc. v. Carter*, 2011 ME 77, ¶ 12-16, 25 A.3d 96, a case the court relied on in part, is inapplicable to "live trial testimony" because *Carter* concerned the qualifications of an affiant for the purposes of summary judgment.[3]

## III. Witness Qualifications

M.R. Evid 803(6) governs the admissibility of a business record and requires a "custodian or other qualified witness" to lay the appropriate foundation for admission of a business record. *Greenleaf*, 2014 ME 89, ¶ 25, 96 A.3d 700. A qualified witness is one "who is intimately involved in the daily operation of the business and whose testimony show[s] the firsthand nature of his or her knowledge." *Id.* In order to demonstrate that an individual is a qualified witness with the requisite knowledge of the business's recordkeeping practices, the witness must testify regarding: the witness's involvement in the plaintiff's recordkeeping operations; how the witness came to have firsthand knowledge of the plaintiff's recordkeeping

---

[2] The plaintiff also argues that because the defendants' did not specifically deny the authenticity of an indorser's signature or the capacity of the indorser, those issues are deemed admitted and the authenticity of the note, mortgage, and any other instruments is conclusively established, citing 11 M.R.S. § 3-1308(1) (2013) and *Deutsche Bank Nat. Trust Co. v. Wilk*, 2013 ME 79, 76 A.3d 363. This argument is without merit. First, 11 M.R.S. § 3-1308(1) only applies to negotiable instruments, not mortgages, and thus would not authenticate the mortgage. *See Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, ¶ 12, 96 A.3d 700 ("[A] mortgage is not a negotiable instrument.") Second, 11 M.R.S. § 3-1308(1) deals with the authenticity of *indorsements* to a negotiable instrument, not the admissibility of a negotiable instrument as a business record. Second, neither of the defendants in this action challenged the authenticity of any signature appearing on the note at any point in the litigation. *See* 11 M.R.S. § 3-1204(1) (2013) (defining indorsement). Finally, the portion of *Wilk* to which the plaintiff cites examines the propriety of the court's admission of *testimony* stating that the servicer was in possession of the note, not the admission of the note as a business record. *See Wilk*, 2013 ME 79, ¶ 10, 76 A.3d 363. In this case, the witness could have testified that Green Tree was in possession of the note on behalf of the plaintiff but without admission of the note the plaintiff could not establish the terms of the loan. And, authentication of the indorsements to the note would not assist the plaintiff in admitting the mortgage as a business record or in establishing the amount due.

[3] In its motion, the plaintiff also advances a procedural argument based on the court's alleged failure to allow the plaintiff to present its entire case. The plaintiff asserts that it *may* have been able to prove the missing elements of its case by calling the defendant Da Hem as a witness. However, at the hearing the court instructed the plaintiff to put forth all of its evidence and the plaintiff clearly demonstrated that it understood that this was the *final* hearing on this matter and that no subsequent evidentiary hearings would occur. At no time did the plaintiff indicate that it intended to call the defendant as a witness. The plaintiff plainly, although erroneously, believed that its witness was qualified and thus felt no need to call any additional witnesses despite having the ability to do so during the hearing.

4

operations; how long and in what capacities the witness has worked for the plaintiff; what kind of familiarity with the plaintiff's records is required for the witness's job; and how and how often the witness accesses the records.[4] *See id.* ¶ 26.

In this case, the plaintiff was attempting to introduce records, which it, or its prior servicer, generated and that had been transferred to Green Tree and "integrated" into Green Tree's records shortly before trial. Green Tree only began servicing the loan in September of 2013.[5] Generally, in cases where a plaintiff is attempting to introduce its records through a witness that is employed by its servicer, the witness's testimony must be "adequate to demonstrate that the employee had *sufficient knowledge of both businesses' regular practices* to demonstrate the reliability and trustworthiness of the information." *Carter*, 2011 ME 77, ¶ 13, 25 A.3d 96 (emphasis added). The witness can achieve this by demonstrating knowledge that:

> • the *producer of the record* at issue employed regular business practices for creating and maintaining the records that were sufficiently accepted by the receiving business to allow reliance on the records by the receiving business;
>
> • the *producer of the record* at issue employed regular business practices for transmitting them to the receiving business;

---

[4] In addition, a qualified witness must aver that:

> (1) the record was made at or near the time of the events reflected in the record by, or from information transmitted by, a person with personal knowledge of the events recorded therein;
>
> (2) the record was kept in the course of a regularly conducted business;
>
> (3) it was the regular practice of the business to make records of the type involved; and
>
> (4) no lack of trustworthiness is indicated from the source of information from which the record was made or the method or circumstances under which the record was prepared.

*Greenleaf*, 2014 ME 89, ¶ 25, 96 A.2d 700.

[5] Eno could not provide an answer when the defendant asked him when Green Tree began servicing the loan. After an extended period of silence, Eno was only able to confirm that Green Tree began servicing the loan in September of 2013 after the defendant supplied him with that date. This is characteristic of most of Eno's testimony, which was elicited for the most part through the use of leading questions. And although the defendant did not object, the plaintiff's use of leading questions, even after a challenge to Eno's qualifications, generally detracted from the his creditability. On the few occasions Eno was asked non-leading questions, his answers were vague and unsatisfactory.

5

*Id.* ¶ 14 (emphasis added). Thus, in this case Eno, as an employee of Bank of America's servicer, needed to demonstrate some minimal level of knowledge of Bank of America's recordkeeping practices.[6]

Eno's testimony failed to demonstrate such knowledge. His testimony regarding Bank of America's record creation and retention practices consisted of simply answering yes as counsel listed off the foundational elements found in M.R. Evid. 803(6). Eno provided no foundation for his assertions that Bank of America kept the records in the ordinary course of business or that they were made at or near the time of the occurrence recorded therein by a person with knowledge of that occurrence. When asked directly whether he had firsthand knowledge of Bank of America's practices, Eno stated he did not. And, on redirect counsel did not ask, and Eno did not state, how he knew of Bank of America's recordkeeping practices.[7] *See id.* ¶ 16 (concluding that an affiant, an employee of the plaintiff's servicer, was not a qualified witness because the affiant did not report the basis of her knowledge of the plaintiff's practices).

And, even if the court did not apply the requirements set forth in *Carter*,[8] Eno's testimony was still insufficient to meet the requirements to be a qualified witness in order to

---

[6] It is unclear whether the witness's knowledge of the plaintiff's recordkeeping practices must be "firsthand" knowledge, as the defendant argues it must. There is no need for the court to determine this issue because Eno demonstrated no credible knowledge of Bank of America's recordkeeping practices beyond merely reciting the text of M.R. Evid. 803(6).

[7] For example, hypothetically Eno could have attended a training on how Bank of America creates and retains its records or he could have learned of those practices from discussions with Bank of America employee. In these hypothetical fact patterns, Eno's knowledge would not be "firsthand" but it would lend credibility to his assertions. But, Eno did not provide the court with any explanation at all for how he knew of Bank of America's practices.

[8] The plaintiff argues that the witness qualification standard set forth in *Beneficial Maine, Inc. v. Carter*, 2011 ME 77, ¶¶ 12-17, 25 A.3d 96, is inapplicable in evaluating the testimony of a live witness at a hearing. Indeed, *Carter* did not involve the court's evaluation of a live witness; rather, it involved an affidavit by an employee of the plaintiff's servicer submitted with the plaintiff's motion for summary judgment. *Id.* ¶ 7. However, in *Carter*, the Law Court announced that it would employ the same two-part standard of review to the trial court's evaluation of an affiant's qualifications pursuant to M.R. Evid. 803(6) on summary judgment as it employs in reviewing a trial ruling regarding the admissibility of a business record. *Id.* ¶ 9. Additionally, *Carter* has subsequently been cited by the

6

introduce records created by his employer, Green Tree. Eno did not testify to any involvement in Green Tree's recordkeeping operations other than having electronic access to the records, which he "reviews and monitors." *See Greenleaf*, 2014 ME 89, ¶ 26, 96 A.3d 700. His review, however, generally occurs only when the loan is subject to litigation. *Cf. id.* ¶ 26 (stating that the witness received copies of the records from the law firm hired to represent the plaintiff once the foreclosure action was underway). He is not responsible for recording any payments or documents and does not supervise these activities. He provided scant information regarding what process Green Tree employs to create its records aside from noting that they were created from Bank of America's records at the "home office" in Arizona. *Id.* Eno's limited involvement in and knowledge of Green Tree's recordkeeping processes failed to demonstrate to the court that he is "intimately involved in the daily operation of the [Green Tree]" or that he has the requisite firsthand knowledge of Green Tree's recordkeeping practices. *See id.*

In summary, Eno's testimony did not establish that he was a qualified witness under the standard set forth in *Greenleaf*, 2014 ME 89, ¶¶ 24-26, 96 A.3d 700, or the more rigorous standard set forth in *Carter*, 2011 ME 77, ¶¶ 12-17, 25 A.3d 96. And, the excessive use of leading questions counsel employed after the challenge to Eno's qualifications only further detracted from Eno's limited credibility. It appeared to the court that Eno was merely reciting

---

Law Court in a case evaluating a trial ruling regarding the admissibility of business records. *See Bank of Am., N.A. v. Greenleaf*, 2014 ME 89, ¶ 27, 96 A.3d 700.

Finally, and perhaps most saliently, the plaintiff has not provided any logical argument regarding why a witness attempting to introduce business records at trial should not be required to have the same knowledge of the plaintiff's recordkeeping practices as an affiant attempting to introduce those same records in summary judgment. The rationale underlying the business records exception is to "allow the consideration of a business record, without requiring firsthand testimony regarding the recorded facts, by supplying a witness whose knowledge of business practices for production and retention of the record is sufficient to ensure the reliability and trustworthiness of the record." *Carter*, 2011 ME 77, ¶ 12, 25 A.3d 96. Thus, it is the witness *knowledge* of the business practices for production and retention of the record that ensure the reliability and trustworthiness of the record, and the plaintiff has put forth no reasonable argument regarding why less knowledge would be required at trial to "ensure the reliability and trustworthiness of the record" then upon summary judgment.

7

the foundational elements of 803(6) and had little to no actual experience or insight into the recordkeeping practices of Green Tree or Bank of America.

## IV. Judgment as a Matter of Law

A party may make a motion for a judgment as a matter of law at any time and, in a non-jury hearing, the court may "decide the factual issues and render a judgment against the plaintiff."[9] M.R. Civ. P. 50(d); M.R. Civ. P.50 advisory committee's note to 1983 amend. Me. Judicial Branch website/Rules (visited Oct. 18, 2014); *see also Smith v. Welch*, 645 A.2d 1130, 1132, (Me. 1994). Here, the plaintiff failed to produce a qualified witness to introduce business records necessary to support a judgment of foreclosure.[10] *See Greenleaf*, 2014 ME 89, ¶ 18, 96 A.3d 700.

A plaintiff seeking foreclosure of a mortgage must demonstrate, among other things, a breach of the conditions of the mortgage and the amount due.[11] *See Greenleaf*, 2014 ME 89, ¶ 18, 96 A.3d 700. Because the plaintiff's witness was not qualified to introduce business records

---

[9] M.R. Civ. P. 50(d) provides:

> **(d) Motion for Judgment as a Matter of Law in Nonjury Case.** In an action tried by the court without a jury, a motion may be made at any time for judgment as a matter of law on any claim. The motion shall specify the claim or claims as to which judgment is sought and the issue or issues as to which it is contended that the law and the facts entitle the moving party to judgment. Before considering the motion, the court shall ascertain that the party opposing the motion has been fully heard with respect to the issue or issues raised. If the court finds against the party opposing the motion on any issue that under the substantive law is an essential element of any claim, the court may enter judgment as a matter of law against that party on that claim. Alternatively, the court may decline to render any judgment until the close of all the evidence.

[10] To the extent that the note and mortgage are considered hearsay, they are likely admissible under hearsay exceptions not invoked by the plaintiff, and therefore were admitted by the court. *See* M.R. Evid. 803(14), 902(9). However, admission of the note and mortgage, without more, is not sufficient to entitle the plaintiff to a foreclosure judgment.

[11] The plaintiff must also demonstrate that it complied with the notice requirements of 14 M.R.S. § 6111. *See Greenleaf*, 2014 ME 89, ¶ 18, 96 A.3d 700. To the extent that the notice submitted by the plaintiff was submitted to demonstrate compliance with 14 M.R.S. § 6111, a non-hearsay purpose, it is admissible. *See* M.R. Evid. 801(c) (defining hearsay). To the extent it is submitted to prove the truth of the matter asserted in the notice, i.e. that the defendants' breached their obligations under the mortgage by failing to make certain payments, that is a hearsay purpose and a qualified witness is required to admit the notice.

evidencing a breach or the amount due, and the business records were the only evidence of a breach and the amount due, the plaintiff failed to prove these elements of its case. And, because the plaintiff failed to prove two essential elements of its case, judgment as a matter of law was appropriate. *See* M.R. Civ. P. 50(d); *Greenleaf,* 2014 ME 89, ¶¶ 18, 27, 96 A.3d 700.

**The entry shall be:**

The plaintiff's post-judgment motions are DENIED. The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: December 3, 2014

_____
Hon) Joyce Wheeler
Justice, Superior Court

Plaintiff-Monica Schoenbaum Esq
Defendant Hem-Frank D'Alessandro Esq

STATE OF MAINE                    SUPERIOR COURT
CUMBERLAND, ss                    CIVIL ACTION
                                  Docket No. RE-11-505
                                  JAW-CUM- 12/13/2013

BANK OF AMERICA, N.A.,
        Plaintiff

v.                                JUDGMENT

KAY CHOM and DA HEM,
        Defendants



INTRODUCTION

On October 10, 2013, the parties appeared for a bench trial for a foreclosure action, which was filed on October 7, 2011 pursuant to 14 M.R.S. § 6321, et seq. At trial, the plaintiff, Bank of America, presented a witness from Green Tree Servicing, the servicer for the defendants' loan. The plaintiff sought to introduce business records with the foundational testimony of a field representative from Green Tree Servicing. The defendants objected, arguing that the representative could not authenticate the business records. The defendants also requested that the court dismiss the matter with prejudice and award the defendants attorney fees. The plaintiff argued that the matter should be dismissed without prejudice.

DISCUSSION

A. Admissibility of Business Records

The admissibility of business records is governed by Rule 803(6), which provides foundational requirements that must be established by a qualified witness. M.R. Evid. 803(6). The rule states in part,

A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business, and if it was the regular practice of that business to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with Rule 902 (11), Rule 903 (12) or a statute permitting certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness.

*Id.* The Law Court has emphasized that the witness must have firsthand knowledge of the business's practices. *Beneficial Maine Inc. v. Carter*, 2011 ME 77, ¶ 14, 25 A.3d 96; *HSBC Mortgage Servs. V. Murphy*, 2011 ME 59, ¶10, 19 A.3d 815.

Notably, in foreclosure actions, the qualified witness "need not be an employee of the record's creator." *Beneficial Maine*, 2011 ME 77, ¶ 13, 25 A.3d 96. An employee from a business that receives records from another business, can be a qualified witness "if the foundational evidence from the receiving entity's employee is adequate to demonstrate that the employee had sufficient knowledge of both businesses' regular practices to demonstrate the reliability and trustworthiness of the information."[1] *Id.*

Here, the plaintiff was not able to authenticate the business records it sought to introduce into evidence. The representative from Green Tree Servicing did not have firsthand knowledge of the business practices regarding the creation and maintenance

---

[1] In *Beneficial Maine*, the Law Court stated that the following foundational elements were required from an affiant employed by a company who received business records from another business:
- the producer of the record at issue employed regular business practices for creating and maintaining the records that were sufficiently accepted by the receiving business to allow reliance on the records by the receiving business;
- the producer of the record at issue employed regular business practices for transmitting them to the receiving business;
- by manual or electronic processes, the receiving business integrated the records into its own records and maintained them through regular business processes;
- the record at issue was, in fact, among the receiving business's own records; and
- the receiving business relied on these records in its day-to-day operations.

2011 ME 77, ¶ 14, 25 A.3d 96.

of business records, as required by Rule 803(6). M.R. Evid. 803(6); *Beneficial Maine Inc. v. Carter*, 2011 ME 77, ¶ 14, 25 A.3d 96; *HSBC Mortgage Servs. V. Murphy*, 2011 ME 59, ¶10, 19 A.3d 815. Therefore, the Green Tree representative was not a qualified witness under Rule 803(6), and the business records are not admissible.

The Green Tree representative is also not qualified to testify about any of the business records that had been transferred from Bank of America to Green Tree Servicing. The representative did not have the foundational knowledge required for the authentication of business records that have been transferred between two businesses. *See Beneficial Maine*, 2011 ME 77, ¶¶ 13-14, 25 A.3d 96.

## B. Award of Attorney's Fees and Dismissal

At trial, the defendants' attorney argued that the case should be dismissed with prejudice, and that the defendants should receive an award of attorney fees. In response, the plaintiff argued that the matter should be dismissed without prejudice. Here, the court may use its discretion to both award attorney's fees and dismiss the action with prejudice.

According to statute, the court has the discretion to award the defendants attorney's fees and reasonable court costs if the mortgagee "does not prevail, or upon evidence that the action was not brought in good faith. 14 M.R.S. § 6101. The court also may deny the award of attorney's fees and costs to the mortgagee. *Id.* Here, the mortgagee, plaintiff Bank of America, did not prevail, and thus the court may award attorney's fees and reasonable court costs to the defendants. *See id.*

Regarding dismissal, Rule 41 states that "[f]or failure of the plaintiff to prosecute for 2 years or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." M.R. Civ. P. 41(b)(2). Additionally, the rule provides that

> Unless the court in its order for dismissal otherwise specifies, a dismissal under [Rule 43(b)] and any dismissal not provided for in this rule other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

M.R. Civ. P. 41(b)(2). A dismissal with prejudice is considered a severe penalty if imposed as a sanction before a party has been heard on the merits, and the Law Court has expressed that this form of sanction should only be used in narrow circumstances. *Saucier v. State Tax Assessor*, 1998 ME 61, ¶ 6, 708 A.2d 281; *Fallon v. Casco-Northern Corp.*, 462 A.2d 53, 56 (Me. 1983). If the defendants are seeking disposal of the case after the plaintiff has been fully heard, the correct terminology for a motion to dismiss complaint at completion of plaintiff's case is motion for judgment as matter of law. M.R. Civ. P. 50(d); *Smith v. Welch*, 645 A.2d 1130, 1131 n.1 (Me. 1994).[2]

This matter was scheduled for trial on October 10, 2013. Notice was given to all the parties and all parties, as well as an interpreter for the defendants, was present for trial. Plaintiff had an opportunity to be fully heard on their complaint for foreclosure and the issues raised by defendants; however, plaintiff was not able to establish its case because of its evidentiary issues with regard to business records. The court may enter judgment on the merits against the plaintiff if the court finds against the plaintiff on any issue that under the substantive law is an essential element of the foreclosure claim. *See*

---

[2] Rule 50(d) provides that

> In an action tried by the court without a jury, a motion may be made at any time for judgment as a matter of law on any claim. The motion shall specify the claim or claims as to which judgment is sought and the issue or issues as to which it is contended that the law and the facts entitle the moving party to judgment. Before considering the motion, the court shall ascertain that the party opposing the motion has been fully heard with respect to the issue or issues raised. If the court finds against the party opposing the motion on any issue that under the substantive law is an essential element of any claim, the court may enter judgment as a matter of law against that party on that claim. Alternatively, the court may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits, the court shall upon request make findings as provided in Rule 52(a).

M.R. Civ. P. 50(d). As the plaintiff was not able to introduce its business records into evidence, the defendant is entitled to judgment as a matter of law. *See id.*

The entry is:

1.  Judgment for the defendant on the Complaint for Foreclosure and Sale.

2.  Defendants are awarded their reasonable attorney's fees. Counsel for defendant to submit an attorney's fees affidavit and proposed order within 30 days of this order.

Date: December 13, 2013

_____
Joyce A. Wheeler, Justice
Maine Superior Court

Bank of America NA-Monica Shoenbaum Esq
                    -Jeffrey Hardiman Esq
Da Hem-Frank D'Alessandro Esq
Kay Chom-Pro Se